# Montgomery *versus* Meredith.

A tract of unseated land containing 400 acres was situate, viz. 260 acres in Jefferson, and 140 acres in Carbondale township. The whole 400 acres was assessed in Jefferson township, and the tax on 200 acres of it was paid in March by one who claimed under the warrantee. Afterwards, viz. in June next following, the balance of 200 acres was sold for taxes under the assessment for Jefferson, for an amount sufficient to pay the taxes assessed upon it and costs. Subsequently, viz. in *August* of same year, the 140 acres which lay in Carbondale township was sold by the Treasurer, under the assessment made for that township, for the taxes for the same years. *Held*, that the taxes being discharged by the payment and first sale, the power of the County Treasurer to sell was exhausted, the lien of the taxes divested, and the subsequent sale of the 140 acres was invalid.

ERROR to the Common Pleas of *Luzerne county*.

This was an action of ejectment by Maria Meredith *v.* John Montgomery, to April T. 1849, for a tract of land of 400 acres, warranted in the name of Elizabeth Clark; 140 acres of which it was admitted lay in the township of Carbondale, and the balance in Jefferson township, Luzerne county.

Maria Meredith, the plaintiff below, claimed under Thomas Meredith, who purchased two hundred acres from the Hossacks, by deed for land lying *in Carbondale* township; this vested in her the original title to that part of the tract. The fact was also admitted, on the trial below, that the warrant was located by survey regularly made and returned into office.

The defendant below resisted this title by a tax sale to Robert Tenant; and conveyance to defendant by the purchaser from Tenant.

On the part of defendant was offered the following evidence:

*Assessments of Carbondale.*

1840. Elizabeth Clark, 140 acres. County, $0.70. ... Road, $1.40. ... School, $1.26
1841. " " " " 0.84. ... " 1.40. ... " 1.26

*Treasurer's Sale Book,* 1842.

Elizabeth Black or Clark, 140 acres, sold on *the 4th August,* 1842, for taxes and cost, to Amzi Wilson.

[Montgomery *v.* Meredith.]                    DD

10 Aug., 1842.   Assigned by Amzi Wilson to Robert Tenant.

17 Aug., 1842.   Deed of Treasurer to Robert Tenant, for 140 acres of the Elizabeth Clark tract, in Carbondale township; consideration, $10.62.

Tenant conveyed to *William* Montgomery by deed on the 29th June, 1848, and William conveyed to John Montgomery, the defendant below, on the 5th September, 1848.   John Montgomery also purchased the interest of William at sheriff's sale, in Nov. 1848.

The county map, in the Commissioners' office, also showed 140 acres of the Elizabeth Clark tract, in Carbondale, and the balance in Jefferson.   No other Elizabeth Black or Clark in either of these townships,—400 acres, as on the map.

Thomas Stanton, sworn:—I went to Mr. Meredith, in 1844 or '5; I asked him if he knew of a lot of land in the warrantee name of Elizabeth Clark.   He asked me what I wanted to know about the lot?   I told him I was about buying it of Wm. Montgomery. * * * * * *   I told him I had talked of buying 140 acres of Montgomery.

The *defendant* then called William Montgomery, and offered to prove by him—

"That he stated to the defendant the conversation that had passed between Thomas Meredith and Thomas Stanton before the defendant purchased the land in dispute, either by deed, from witness, William Montgomery, or his interest at sheriff's sale."

To which offer the plaintiff's counsel objected; the Court rejected the evidence, and defendant's counsel excepted.

The defendant rested, and on the part of the *plaintiff* was given in evidence, certificate of survey and search, and no other Elizabeth Clark found in *Luzerne county*.

County Commissioner's list, to Treasurer, for 1840 and '41, *in Jefferson:*

1840.   Elizabeth Clark, 400 acres.   County, $2.00. . . Road, $2.00. . . School, $1.20
1841.      "         "      400  "         "      2.40. . .   "    2.00. . .   "    $0.80

On the opposite page is the following entry:—

200 acres of Elizabeth Clark, paid by Thomas Meredith, Esq. *See Sale Book.*   This payment was made on 1st March, 1842.

Treasurer's transcript book, for 1840 and '41:

1840. Clark Eliz. 200 ac.; co., $1.00. No tp. named. Road, $1.00. School, $0.40
1841.   "    "    200  "    "    1.20.         "    1.00.   "    1.40–State 20 c.
1842.   *March* 1.   *Receipt in full by L. Jones, Jr., Esq.*

*Treasurer's Sale Book*, 1842.—*Jefferson.*

1840.   Clark Elizabeth, 200 acres of County, $1.40.   Road, $1.00.   School, $0.40.

1841.   Clark Elizabeth, 200 acres; County, $0.40.   Road, $0.00. School, $0.60.   State, $0.20.
            Total, $9.02$\frac{1}{2}$.

Entry on the opposite page.

1842.   June 10.   Sold to S. S. Winchester for taxes and costs.

1842.   July  8.   Deed—Treasurer, 200 acres, of Elizabeth Clark,

[Montgomery *v.* Meredith.]

in Jefferson.   Reciting sale on the 10th June previous.

1846.   Jan. 30.   Deed—Winchester to H. W. Nicholson, for same.

1848.   June 9.   Deed—Nicholson and wife to Hossacks—partly in Carbondale, partly in Jefferson.

The plaintiff claimed under deed from the Hossacks.

Defendant rebutting.—Defendant renewed same offer contained in the first bill of exceptions; " and further proposed to prove that Thomas Meredith had full knowledge prior to the payment of taxes, in 1842, of the assessments of 1840 and 1841, and that to his knowledge 140 acres of the Elizabeth Clark was located in Carbondale township, and the balance in Jefferson."

To this evidence the plaintiff's counsel objected.   Sustained by the Court.   The evidence rejected, and bill sealed.

WILLIAM JESSUP. [L. S.] President Judge.

The evidence being closed, defendant's counsel submitted the following points to the court, viz. :—

1st.   That if the jury find Thomas Meredith knew that a part of the Elizabeth Clark tract lay in the township of Carbondale, the payment by him of taxes on two hundred acres of the tract in Jefferson, and acquisition of tax title to two hundred acres of the same also in Jefferson, do not defeat the defendant's title to that part of the tract in Carbondale.

2d.   That if it be found by the jury, that Thomas Meredith knew a part of the tract in dispute was situate in Carbondale, and he neglected or refused to pay the taxes thereon, no subsequent acquisition, by said Meredith, of title to a part of the tract, on the face thereof, purporting to be in a different township, can defeat the title of the defendant.

3d.   That the tax title of the defendant is not defeated by the payment of taxes on two hundred acres of Elizabeth Clark in Jefferson, and the sale of two hundred acres in the same township, subsequently acquired by Meredith.

4th.   That, if Thomas Meredith knew, when he paid on two hundred acres of Elizabeth Clark, in Jefferson, that a part of the tract was in Carbondale, which by his neglect was sold as being in Carbondale; as against him, that sale vested absolute title.

5th.   That, if Thomas Meredith, knowing one hundred and forty acres of Elizabeth Clark to be situate in Carbondale, paid on two hundred acres, and permitted the balance to go, he cannot set up the Winchester sale to defeat the defendant's title ; to do so, would be a fraud upon the defendant, and would relieve Meredith from the effect of his own laches.

JESSUP, President J., charged as follows :—

" The plaintiff has shown a perfect title to the west half-part of a tract of land, situate in the townships of Jefferson and Carbondale, surveyed for four hundred acres, in the warrantee name of Elizabeth Clark.

[Montgomery v. Meredith.]

" The defence is a tax title to one hundred and forty acres, assessed in Carbondale township, in the warrantee name of Elizabeth Clark.

" This title, too, upon its face is regular, and if not shown to be invalid, passes the title to the defendant.

" In answer to this title, the plaintiff proves that Thomas Meredith, under whom she claims, on the first day *of March*, 1842, paid the taxes for the years 1840–'41, on *two hundred* acres of Elizabeth Clark. The receipt does not specify in what township. It is in evidence that there is but one tract in the name of Elizabeth Clark in Luzerne county. The whole four hundred acres were assessed as being in Jefferson township; one hundred and forty acres were also assessed in Carbondale township, for the same years.

" *On the 10th June*, 1842, the treasurer sold two hundred acres in Jefferson, part of the same tract, to S. S. Winchester, and on the 8th July, of the same year, conveyed the same to him by his deed.

" Thus the taxes assessed upon the whole four hundred acres were paid, or collected by the Treasurer.

" On the *4th August*, 1842 (after the date of the deed to Winchester), the treasurer sold the *one hundred and forty acres*, assessed in Carbondale, to Amzi Wilson, and conveyed the same on the 8th of August of the same year. The defendant claims under this sale.

" The case thus presented, is the case of an assessment of the whole tract in Jefferson township, and the payment of one-half the taxes by one owner; a sale for the other half, and conveyance to the purchaser; an assessment of one hundred and forty acres of the same lands in Carbondale township, and a subsequent sale for the non-payment of the taxes thereon.

" The Court instruct the jury, that the payment of taxes, and the first sale, exhausted the power of the treasurer, and divested the lien of the taxes upon the whole tract, and the subsequent sale of the one hundred and forty acres was invalid as against the person who held the prior tax title, and the owner who paid the taxes.

" The commissioners of the county could only assess four hundred acres. They had no authority to assess five hundred and forty acres of a tract of four hundred acres, and the owner, whenever an assessment upon four hundred acres was paid, would hold his land discharged of any further assessments for the same year.

" In answer to the points submitted to the Court by defendants' counsel, the Court instruct the jury:—

" To the first point: That the knowledge of Thomas Meredith that the land was in Carbondale township, is entirely immaterial in this case, as the plaintiff cannot be affected thereby. The point is answered in the negative.

[Montgomery *v.* Meredith.]

"The second point is also answered in the negative. The third has already been answered in the negative.

"The fourth and fifth points are also answered in the negative."

To this charge defendants' counsel excepted.

January 15, 1851, verdict for plaintiff.

It was assigned for error:

1. The court erred in rejecting the plaintiff's offers of evidence in the two bills of exception.

2. The court erred in giving a negative answer to the five points submitted to them by the plaintiff's counsel, in their charge to the jury.

4. That part of the charge of the court, is particularly complained of as error, in which they say—"That the payment of taxes, and the first sale, exhausted the power of the Treasurer, and divested the lien of the taxes upon the whole tract, and the subsequent sale of the one hundred and forty acres was invalid as against the person who held the prior tax title, and the owner who paid the taxes."

5. In withdrawing the facts from the jury.

The case was argued by *H. B. Wright* for plaintiff in error. *Woodward* for defendant.

The opinion of the court was delivered July 21, by

ROGERS, J.—The title under which plaintiff claims is a perfect legal title, and if there is nothing more in the case, she is entitled to recover. This is conceded; but defendant contends, that as to one hundred and forty acres, part of the tract of four hundred acres in the warrantee name of Elizabeth Clark, situated and assessed in Carbondale township, the title of plaintiff is divested by a sale for taxes, the title for the same being by several mesne conveyances vested in him. This title is also admitted to be regular in every respect, except in one particular; that before the Treasurer's sale, the taxes, for which it was sold, were paid in full to the proper officer. And this is the hinge on which the whole case turns. The plaintiff proved that Thomas Meredith, under whom she claims, on the first of *March*, 1842, paid the taxes for the years 1840, 1841, on two hundred acres of the four hundred acre tract in the warrantee name of Elizabeth Clark. She also proved that on the 10th of *June*, 1842, the Treasurer sold, for arrearages of the same taxes, the remaining two hundred acres as in Jefferson township, of which sixty acres were in that township, the residue, one hundred and forty acres, the property in controversy, being in the township of Carbondale. That the latter is part of the same tract is shown by the undisputed fact, that

[Montgomery v. Meredith.]

there is but one tract in the name of Elizabeth Clark, in the county of Luzerne. It appears the one hundred and forty acres was assessed in Carbondale township, and on the 4th of *August*, 1842, was sold for taxes and costs to Amzi Wilson, under whom defendant claims. The case presented is therefore one of a double assessment, viz., the assessment of the whole tract of four hundred acres in Jefferson township, and of one hundred and forty acres, part of the same tract, in the adjoining township of Carbondale; the payment of one half of the assessed taxes of 1840, 1841, by one owner, and a sale by the Treasurer of the other half, and a conveyance to the purchaser: an assessment of one hundred and forty acres of same land in Carbondale, and a subsequent sale by the Treasurer for non-payment of taxes. Were then the taxes assessed in 1840, 1841, on the four hundred acres in the name of Elizabeth Clark, paid and discharged before the Treasurer's sale, under which defendant claims?

On this question, the controversy mainly, if not altogether depends. But of this essential point no reasonable doubt can exist. It unquestionably appears, that one half was paid by the owner; the other half by the Treasurer's sale, Winchester, under whom plaintiffs claim, becoming the purchaser. It must be remarked that it matters not by whom the taxes were paid. It is enough that they were paid by somebody. 1 *W. & Ser.* 175, Strauch *v.* Shoemaker. Being paid, the power conferred on the Treasurer by the several Acts of Assembly, in relation to the sale of unseated land, was exhausted. The lien of the unpaid taxes being divested, it follows as a necessary consequence that the subsequent sale of the one hundred and forty acres is invalid, as well against the owner as the person who holds the prior tax title. The Treasurer has no greater authority to sell than he would have to sell a seated tract, or a tract that had never been assessed at all. The object of the act being answered, there is no necessity to deprive the owner of his land. The sale being without color of authority is void. And this is the view taken in Dougherty *v.* Dickey, 4 *W. & Ser.* 146. A Treasurer's sale of unseated lands is void, when it appears that the tax for which it was sold, was actually paid, although the county commissioners misconstrued the payment, and applied it to another object. The error of the officer will not deprive the owner of his land. So here, the mistake in directing a subsequent sale, cannot affect the previous title of the owner, or the purchaser at the prior Treasurer's sale. It must be observed the plaintiff derives title from S. S. Winchester, the purchaser, at the first Treasurer's sale. She stands precisely in his position. Now what was his title? That he had a valid and subsisting title admits not of doubt, under the decisions of Stewart *v.* Shoenfelt, 13 *Ser. & R.* 362; Strauch *v.* Shoemaker, 1 *W. & Ser.* 175; Williston *v.* Colkett, 9 *Barr* 38; and Dougherty *v.* Dickey, 4 *W. & Ser.* 146. All the

[Montgomery *v.* Meredith.]

objections which can be taken to his title are there met and ruled. Thus in Stewart *v.* Shoenfelt, it is decided that although an assessor in one township, has no right to assess unseated land, lying in another township, yet if he does so, and the land is sold for non-payment of taxes, the sale is not void, but the purchaser is protected by the Act of the 13th March, 1815. That is carrying the principle much further than is required here. There the whole land assessed was in another township, whereas here, part, viz., 60 acres, lies in the township of Jefferson, where it was assessed. So in Strauch *v.* Shoemaker, where unseated land is sold for non-payment of taxes, the title of the real owner, whatever it may be, passes to the purchaser, whether it be assessed and sold in his name, the name of the warrantee, or a stranger; and whether the person in whose name it is taxed and sold, has or has not any title. So in Williston *v.* Colkett, 9.*Barr* 38, a mistake in assessing ten hundred acres in place of six hundred, does not vitiate the sale, but the sale of the ten hundred acres for non-payment of taxes, gives the vendee title to the six hundred acres, the assessment being descriptive and referring to the number of the warrant, the tract originally containing nine hundred and ninety-nine acres. Here, although but 60 acres were in Jefferson township, yet the sale under the authority cited, carries two hundred acres, including the one hundred and fifty acres in the township of Carbondale, it being manifestly a sale of two hundred acres of the tract in the warrantee name of Elizabeth Clark. In view of these authorities, there is no plausible objection to the title of Winchester, the Treasurer's vendee. Whatever privilege Thomas Meredith may have had, as to the location of part of the tract in Carbondale township, before he paid the taxes in 1842, cannot affect the title of Winchester, under whom plaintiff claims. There is nothing to estop Meredith, much less the plaintiff who stands in the shoes of Winchester. As we see no error in the charge, the answer to the points, or the rejection of evidence, we are of opinion the judgment should be affirmed.

Judgment affirmed.