## Delaney *versus* Gault.

30 | 63
20 SC 207

30 | 63
22 SC ³323

30 | 63
25 SC 354
30 | 63
29 SC ¹436

30 | 63
31 SC ¹ 78
31 SC ¹ 82

A *scire facias* on a municipal claim is a proceeding *in rem ;* and a sheriff's sale under a judgment obtained thereon, passes the title to the purchaser, whether the real owner be named in the proceedings or not.

A municipal claim need not refer to the Act of Assembly authorizing the lien.

A purchaser at sheriff's sale under a judgment obtained in a *scire facias* on such claim, is not bound to show that the Acts of Assembly have been strictly complied with. He is protected by the judgment.

If, however, the real owner had a good defence to the payment of the debt for which his land was sold, and was not a party to the *scire facias*, he is not precluded from making it, in a subsequent action of ejectment brought by the purchaser at sheriff's sale.

It is a sufficient defence that the claim was actually paid to the proper officer before the issuing of the writ; although such payment was made through mistake, by the owner of an adjoining lot, and the money was subsequently refunded to him.

Such payment having been received in satisfaction of the debt due by the lot, might have been lawfully retained.

ERROR to the District Court of *Philadelphia*.

This was an ejectment brought, in the court below, by Henry W. Gault against John Delaney, for a lot of ground on the west side of Tyler street, north of Poplar street, in the city of Philadelphia, containing 16 feet in front, on Tyler street, by 37 feet in depth.

The plaintiff below claimed as purchaser at sheriff's sale under a *levari facias*. He gave in evidence a record of the Court of Common Pleas, showing a claim for $14.20 for paving, filed 3d January 1849, by the district of Spring Garden, against Edward and William Reeves, describing a lot containing 32 feet in front, and running from Tyler street to Hutchinson street, a depth of 82 feet; which included the lot in controversy, and three other lots owned by different persons, of which four lots, two fronted on each of said streets; a *scire facias* thereon issued December 6th, 1853, and a return thereto as follows, "Made known by posting a true and attested copy of the within writ upon the premises within described, December 30th, 1853, and by advertising twice a week for two weeks, in the North American, a daily paper published in the city of Philadelphia, agreeably to the Act of Assembly." This was the only evidence on the record of notice to any body.

The 30th day of December, mentioned in this return, was the Friday before the return day.

This record further showed a judgment for want of an affidavit of defence, a *levari facias* thereon issued December 6th, 1854, and a return of a sale to the plaintiff for $50. The sheriff's deed to him, and the summons in ejectment, were also given in evidence.

[*Delaney v. Gault.*]

The defendant below deduced his title regularly under one Robert Pollard, who owned the premises when the claim was filed; and proved that Edward and William Reeves owned no part of said premises at that or any other time, but were then the owners of adjoining premises. He also showed by a receipt that the claim had been actually paid to Joseph Allison, Esq., then solicitor of the said district, on the 30th of May 1850, by one Robert Walker, an owner of the adjoining premises under the Messrs. Reeves, who supposed the claim to be against his lot.

To rebut this evidence, the plaintiff below had a receipt as follows, viz. :—

"Received, November 1, 1856, of Joseph Allison, the above sum of fifty-two dollars, the amount originally paid having been paid in mistake as upon the wrong property, and is hereby returned.                                    ROBERT WALKER."

At the time this receipt was given, Mr. Allison was no longer solicitor of the district, and this money was refunded to Mr. Walker out of his own pocket.

The defendant below objected to the admission in evidence of the record of the Common Pleas, and argued that it was a nullity. 1. Because the claim was in fact paid before the *scire facias* issued thereon. 2. Because the claim was not filed against the owner or reputed owner. 3. Because the record did not show affirmatively a compliance with the statutes regulating paving in said district. 4. Because the record showed that notice of the claim and *scire facias* had not been given in conformity with the Acts of Assembly. But the court below overruled the objection, and admitted the record in evidence.

The defendant also contended that, if the judgment were not a nullity, the execution under it could only convey the title of the Messrs. Reeves; or that, at least, Delaney, the defendant, must be permitted to make, in this ejectment, the same defences he might have made to the *scire facias* on the claim.

The learned judge, however, diregarded these points, and instructed the jury to find for the plaintiff, which they did. Judgment having been entered on the verdict, the defendant below sued out this writ of error, and assigned for error the admission in evidence of the record of the Comman Pleas; and also the charge of the court below to the jury.

*E. Spencer Miller* and *S. M. Du Bois*, for plaintiff in error.—A party claiming under a tax sale must show a strict compliance with the Acts of Assembly: Dikeman *v.* Parrish, 6 *Barr* 222; Shearer *v.* Woodburn, 10 *Barr* 512; Wistar *v.* Kammerer, 2 *Yeates* 100; Young *v.* Martin, *Id.* 312; Hole *v.* Rittenhouse, 7 *Harris* 310; Smith *v.* McGrew, 4 *W. & S.* 341; Cox *v.* Grant,

[Delaney v. Gault.]

1 *Yeates* 164; Keating *v.* Williams, 5 *Watts* 382; Kensington *v.* Keith, 2 *Barr* 218; Noll *v.* Swineford, 6 *Barr* 187; Sharp *v.* Speir, 4 *Barb.* 77; Matter of Flatbush Avenue, 1 *Barb.* 287.

If, at the time of sale, the debt was paid, the sale is to be treated as a nullity: Dougherty *v.* Dickey, 4 *W. & S.* 146; Ankeny *v.* Albright, 8 *Harris* 158; Laird *v.* Hiester, 12 *Harris* 464. The fact that the payment was made by a stranger makes no difference; it enures to the benefit of the true owner: Orr *v.* Cunningham, 4 *W. & S.* 294; Laird *v.* Hiester, 12 *Harris* 464.

If the lien was a nullity, no proceeding upon it could make it good: Caldwell *v.* Walters, 6 *Harris* 83; Steel *v.* Smith, 7 *W. & S.* 447; Campbell *v.* Steele, 1 *Jones* 396; Donley *v.* Brownlee, 7 *Barr* 110. The proceeding was a nullity, because there was no jurisdiction of the *parties*, which could only be obtained by proper service or notice. Notice of the issuing of the *scire facias* was not given in the mode prescribed by the acts of 1840, 1846, 1849, and 1851. The act of 1846 could only repeal that of 1840 by express words, or by an enactment clearly inconsistent or repugnant: Street *v.* Commonwealth, 6 *W. & S.* 212; Bank *v.* Commonwealth, 10 *Barr* 448.

It will be argued that every intendment is to be made in favour of the regularity of the proceedings of a superior court, and that the Common Pleas is a superior court in this sense. This doctrine is a sound one, and admits of no doubt, but where a superior court is conducting a peculiar statutory proceeding it is a special tribunal, and no intendment is made in its favour: Messenger *v.* Kintner, 4 *Binn.* 103; Ragan's Estate, 7 *Watts* 438; McKee *v.* McKee, 2 *Harris* 231; Ege *v.* Sidle, 3 *Barr* 123; Steel *v.* Smith, 7 *W. & S.* 447; Campbell *v.* Steele, 1 *Jones* 396; Denning *v.* Corwin, 11 *Wend.* 647; Foot *v.* Stevens, 17 *Wend.* 488; Bloom *v.* Burdick, 1 *Hill* 140; Wright *v.* Douglass, 3 *Barb.* 575; Boswell's Lessee *v.* Otis, 9 *How.* 250; Boswell *v.* Dickerson, 4 *McLean* 262; Hollingsworth *v.* Barbour, 4 *Pet.* 475; Rex *v.* Cooke, *Cowp.* 29; Porter *v.* Whitney, 1 *Greenl.* 306.

But, if not a nullity, the judgment does not conclusively bind the defendant, who was not a party to it. He ought to be at liberty to make the same defence to an ejectment that he might have made to the original *scire facias*: Mevey's Appeal, 4 *Barr* 80; Anshutz *v.* McClelland, 5 *Watts* 487.

*Markland*, for defendant in error.—The proceedings under which the premises were sold are *in rem;* and the description in the claim and sheriff's deed sufficiently identifying the premises, it is a matter of no consequence who were the actual or even reputed owners. In regard to the alleged payment of the claim, the judgment is conclusive as to that, at least in favour of a purchaser at sheriff's sale: Acts 3d February 1824; 16th April

[Delaney *v.* Gault.]

1840; 19th April 1843; 11th March 1846; *Brightly's Purd.* 601, 604, 605; Northern Liberties *v.* Coates's Heirs, 3 *Harris* 245; Salter *v.* Reed, *Id.* 264; Claypole *v.* Dorsey, 2 *Wh. Dig.* 744, pl. 107; Wharton *v.* Hughes, *Id.*, pl. 108; Feger *v.* Kroh, 6 *Watts* 296-7; Warder *v.* Tainter, 4 *Watts* 286; Arnold *v.* Gorr, 1 *Rawle* 226.

The opinion of the court was delivered by

STRONG, J.—This was an ejectment for a lot of ground on the west side of Tyler street, in the city of Philadelphia, the ownership of which was in Robert Pollard on the third day of January, A. D. 1849. The plaintiff in error, defendant below, deduces his title regularly from Robert Pollard, by conveyance subsequent to the date above mentioned.

The title of the plaintiff below is founded upon a municipal claim for paving in front of the property, filed by the district of Spring Garden, in the Court of Common Pleas of Philadelphia, on the third of January, A. D. 1849. The claim was filed against " Edward and William Reeves, owners or reputed owners." In fact, however, the Messrs. Reeves were not the owners of the lot against which the claim was filed; but owned a neighbouring property of which one Joseph Walker was in possession. Walker, supposing the lien to be upon the lot which he occupied, paid its amount on the 30th of May 1850, to the solicitor of the district, authorized to receive it; and thus the claim of the municipality was discharged, though not cancelled of record.

To January Term, 1854, a *scire facias* was sued out upon this claim, notwithstanding its previous payment. The writ was issued against Edward and William Reeves, and was served, according to the return of the sheriff, by posting a true and attested copy thereof upon the premises three days before the return day, and by advertising twice a week for two weeks in a daily paper published in the city of Philadelphia, agreeably to the Act of Assembly. No personal service was made either upon the Messrs. Reeves, or upon the true owner of the property. On the 28th of January 1854, judgment was entered for default of an affidavit of defence, and under a *levari facias* issued thereon, the lot was sold to the plaintiff below, who received the sheriff's deed.

It is objected that this proceeding has vested no title in Gault, the purchaser at sheriff's sale; because the claim as originally filed was not against Robert Pollard, the true owner. The objection loses sight of the great design of the legislature in the whole series of Acts of Assembly relative to the collection of taxes and municipal claims in the city of Philadelphia. That design was to enforce payment. This was sought to be accomplished first by making the land debtor for the tax, or for the claim for the public improvement which was supposed to have enhanced its value.

[Delaney *v.* Gault.]

Thus by the Act of February 3d, 1824, *P. L.* 18, all taxes, rates, and levies, were declared to be liens upon the real estate on which they are imposed or assessed. The Act of 16th April 1840, *P. L.* 412–13, § 9, provided a more efficient mode in which the lien of municipal claims might be enforced. It gave authority to file of record in the office of the prothonotary of the Court of Common Pleas, or of the District Court, all claims and demands for pitching and paving streets, &c., and for taxes, rates, and levies. The tenth section required that the claim filed should "set forth the name of the owner, or reputed owner, of the premises against which it is filed," with a description of the real estate, and its situation. This section also authorized the enforcement of the claim by a writ of *scire facias*, as in cases of mechanics' liens. The Act of March 11th, 1846, *P. L.* 114, gives additional facilities for the collection of the claim; and, in section four, enacts that on the trial of the *scire facias* no plea touching the question of ownership shall be allowed. It is obvious from these acts of Assembly, not only that the land is made debtor for the tax, or municipal assessment; but that the proceeding to collect, is a proceeding entirely *in rem.* The claim is not required to be filed against the true owner. It may be filed against the reputed owner; and this because the mention of the owner at all is required only as descriptive of the lands which are debtor to the tax or assessment. The requisition that the claim shall state the name of the owner, or reputed owner, is the same as that made by the Act of 1836, relative to the claims of mechanics and material men, under which it has been held that it is not necessary to set forth the name of the real owner : 4 *W. & S.* 257. The same principle has been declared applicable to municipal claims, in Northern Liberties *v.* Coates, 3 *Harris* 245; and in Claypole *v.* Dorsey, a case decided in this court in 1849, but not reported.

It is next objected that the claim filed did not show upon its face, that it was for paving done under the provisions of the acts authorizing a lien. This was entirely unnecessary. The act which provided for its being filed, while it stated the requisites of such a claim, did not include among them a reference to itself. It has never been supposed necessary that a judgment entered without writ, upon a bond with warrant of attorney to confess judgment, was invalid, unless it referred to the Act of Assembly authorizing such entries, or that a mechanic's claim should aver that the work done was performed under the provisions of the mechanics' lien laws.

It is further contended that the return of service of the writ of *scire facias*, is insufficient, inasmuch as it shows that the service was irregular, and it is supposed that advantage may be taken of this in a collateral proceeding, after judgment upon the *scire*

*facias.* The Court of Common Pleas, however, is a superior court. Though the proceedings to enforce payment of municipal claims be of statutory creation, yet when the jurisdiction of the Common Pleas has once attached, every intendment is in favour of its having been rightfully exercised. After judgment upon the *scire facias* it is too late to inquire in any collateral proceeding, into the sufficiency of the sheriff's return of service of the writ, or whether service has been properly made, if it be returned. This was ruled by the late Judge COULTER, at *Nisi Prius*, in 1849, in the case of Wharton *v.* Hughes. A purchaser at sheriff's sale under a judgment obtained in a *scire facias* on a municipal claim, is not bound to show that the Acts of Assembly have been strictly complied with. In regard to all that, he is protected by the judgment. There is no similarity between his case, and that of a purchaser at a commissioners' sale of unseated lands for taxes, prior to the Act of 1815. He buys under the judgment of a court of competent jurisdiction, a judgment which includes within itself an adjudication that all formal prerequisites have been complied with.

There is however an *objection* which *is* fatal to the title of the plaintiff below. As already remarked, the sole design of the numerous Acts of Assembly relative to the collection of taxes and municipal claims in the city of Philadelphia, is to enforce payment. When that has been made, all that the legislature intended has been accomplished. The judgment upon the *scire facias* is a decree that the land be sold for the payment of the unpaid tax, or claim, precisely as a judgment rendered in a *scire facias* upon a mortgage, or a mechanic's claim is a decree that the property be sold to satisfy the debt due the mortgagee, or the mechanic and material man. In each case the judgment is *in rem*, not in *personam.* In each case a sheriff's sale passes to the purchaser a title, notwithstanding irregularities antecedent to the judgment, unless the real owner has some defence to the payment of the debt which he has had no day in court to assert. But if the owner have such defence and was not a party to the writ of *scire facias*, he is not precluded from making it. Thus in Nace *v.* Hollenback, 1 *S. & R.* 540, which was an action of ejectment brought by a purchaser at sheriff's sale under a judgment in a *scire facias* on a mortgage, TILGHMAN, C. J., declared, that if the terre tenant had not been a party to the writ, he might have made any defence which would have been open to him on the *scire facias.* The same doctrine has been asserted in very numerous cases since decided, down to the case of Walt *v.* Swinehart, 8 *Barr* 97, and I am not aware that it has ever been seriously questioned.

A similar doctrine prevails in regard to mechanics' liens.

In Anshutz *v.* McClelland, 5 *Watts* 487, Judge KENNEDY re-

[Delaney *v.* Gault.]

marks as follows : " It may be that when the owner of the house is not made a party to the *scire facias*, he may not thereafter be precluded from setting up any defence in an action of ejectment brought against him by the purchaser at sheriff's sale, which he might have made in the *scire facias* had he been warned by it." In Christine *v.* Manderson, 2 *Barr* 363, it was held that the owner has the same defence in an ejectment which he might have taken had he been party to the *scire facias* on a mechanics' lien. It must be held to be equally true in case of a procedure upon a municipal claim.

It follows that the court erred in instructing the jury that the plaintiff below was entitled to recover, notwithstanding the owner was not a party to the *scire facias*, and notwithstanding the municipal claim had been paid before the writ issued. That it was paid by another instead of Robert Pollard, the owner, that it was paid in mistake by Walker, and that the amount thereof was refunded to Walker by Mr. Allison after the sale to the plaintiff below, can make no difference. The district of Spring Garden had received the money before the *scire facias* was issued in satisfaction of the debt due from the lot, and had a right to retain it. The purpose of the Acts of Assembly was therefore accomplished. It is immaterial by whom the payment was made. It enured to the benefit of the owner: Orr *v.* Cunningham, 4 *W. & S.* 294; Laird *v.* Hiester, 12 *Harris* 453.

Judgment reversed, and a *venire de novo* awarded.