## Philadelphia, to use, Appellant, *v*. Black.

*Public officers—Receiver of taxes of Philadelphia—Incorrect certificate of search—Liability.*

The receiver of taxes of Philadelphia cannot be held personally liable to a person who has bought a mortgage on the strength of an incorrect certificate of tax search, and has subsequently voluntarily paid taxes assessed against the mortgaged premises, but not included in the search. In such a case the city was estopped from asserting a lien for taxes as soon as the search was issued, and consequently the payment was voluntary and unnecessary.

Argued Oct. 22, 1915. Appeal, No. 129, Oct. T., 1915, by plaintiff, from judgment of C. P. No. 2, Philadelphia Co., Dec. T., 1912, No. 5242, for defendants non obstante

veredicto in case of City of Philadelphia, to use of Ferdinand D. Fleming, v. Hugh Black and the Title Guaranty and Surety Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for a loss alleged to have been sustained by reason of an inaccurate tax search.

STAPLES, P. J., specially presiding stated the facts to be as follows:

The use-plaintiff, Ferdinand D. Fleming, purchased a mortgage covering premises No. 2223 North Thirteenth street, upon which foreclosure proceedings had been commenced. Before agreeing upon the terms of purchase, the use-plaintiff applied to the defendant, Hugh Black, who was then the receiver of taxes of Philadelphia for a tax search on the premises covered by said mortgage, and paid therefore the legal fee. The defendant issued a tax search to the use-plaintiff, certifying that there were no unpaid taxes on these premises for the years 1907 to 1911, inclusive.

Relying on this certificate, Fleming made an agreement for the purchase of the mortgage for the flat sum of $3,300, which was accepted, and subsequently the amount of the same was paid by the use-plaintiff to the owner of the mortgage, and the mortgage assigned. Before actually concluding the purchase and paying the money, the use-plaintiff, upon another search being made, ascertained by a certificate given, that there was a lien for taxes upon said premises for the years 1910 and 1911, aggregating $199.85; but, having bound himself to purchase the mortgage at the price agreed upon, he was legally bound to execute the same. After the purchase and assignment of the mortgage, the foreclosure proceedings were carried to a conclusion and Fleming purchased the real estate covered by the mortgage for the sum of $50.00.

Some time afterwards, the use-plaintiff paid to Black,

as receiver of taxes, the amount of the tax bills, and at the same time wrote him a letter stating that he would hold him personally liable for the loss.

Verdict for plaintiff for $227.83. Subsequently the court entered judgment for defendants non obstante veredicto.

*Error assigned* was in entering judgment for defendants non obstante veredicto.

. *Horace Stern,* with him *Morris Wolf,* for appellant.— The appellant was not obliged to take advantage of the estoppel of the city, but, recognizing that the tax debt still existed in morals and even in the theory of the law, might pay the debt; and he was not obliged to assert the estoppel for the benefit of a person against whom he had a counterclaim in reference to the cause of action: Brown v. Marmaduke, 248 Pa. 247; Ricketson v. Giles, 91 Ill. 154; Beal v. Brown, 13 Allen (Mass.) 114; Lee v. Stowe, 57 Texas 444; Parker v. Rochester, 4 Johns Ch. (N. Y.) 329; Simmons v. Goodrich, 68 Ga. 750; Decker v. Eisenhauer, 1 Penrose & Watts 476.

*John W. Graham, Jr.,* for appellees, cited: Philadelphia v. Anderson, 142 Pa. 357.

OPINION BY KEPHART, J., July 18, 1916:

This action is based on the provisions of the Act of April 13, 1872, P. L. 1140, to recover from the receiver of taxes of the City of Philadelphia for loss and damage sustained by giving an incorrect certificate of search, whereby the plaintiff purchased a mortgage against a property and afterwards found taxes against the mortgaged property not included in the certificate, and which the plaintiff, after becoming the owner of the property, subsequently paid. In Philadelphia v. Anderson, 142 Pa. 357, the receiver of taxes having given to the purchaser of land a certificate that, on examination of the

register of unpaid taxes for certain years, he found nothing against the premises, it was held that the city was estopped from asserting a lien for the taxes for those years after the purchaser, in reliance on the certificate, had paid his purchase-money to the vendor.   This doctrine would apply to the case at hand, and when the plaintiff secured his certificate from the receiver, under the authority of this case there was in effect no lien for taxes against the property.   Originally all taxes on seated lands were a personal charge against the owner, for which his personal property and his person were liable to seizure, but which were not a lien upon the land: Burd v. Ramsey, 9 S. & R. 109.   The Act of 1824 made these taxes a lien from the date of the assessment and other acts continued the lien in effect.   The only method to charge property as such for taxes is under the acts which provide for a lien for taxes.   It is a proceeding in rem.   When this certificate was given and the city was estopped from asserting the lien, it had the effect of removing the lien, and, as controlling the appellant, it is much similar to the purchase of property where a judgment has been entered but has lost its lien.   Payment by the purchaser of such judgment would give him no claim against his vendor of the property under the deed. When the certificate was given there existed only the personal liability of the one who owned the property at the time the assessment was made, and in case of inability to secure the tax from this personal liability, under certain conditions the receiver would be liable to the city.

When this tax was paid by the plaintiff it was purely a voluntary payment for which no claim would arise against the receiver.   The act was intended to cover loss or damage sustained by reason of giving the certificate. Under the circumstances payment of taxes would not be a loss or damage within the meaning of the act of assembly.

The judgment is affirmed.