## Township of Upper Darby, Appellant, *v.* Bennett.

*Municipal claims—Lien—Scire facias—Defective service—Delivery of deed by Sheriff—Effect—Acts of June 20, 1911, P. L. 1080, and May 28, 1915, P. L. 610.*

Under the Act of June 20, 1911, P. L. 1080, amending Section 10 of the Act of June 4, 1901, P. L. 371, the issuance of a writ of scire

facias on a municipal claim, within five years from the date of filing the claim, continues its lien for five years from that date without regard to the manner in which the writ is served. When the writ is issued in the proper form, the plaintiff municipality is not chargeable with the sheriff's failure to serve the writ.

Section 9 of the Act of May 28, 1915, P. L. 610, provides that, upon delivery by the sheriff of a deed for any property sold under a tax or municipal claim, the judgment upon which such sale was had shall not be in any manner questioned, either by direct or collateral attack, upon the ground that there has been some mere irregularity in the proceedings.

A purchaser at a sheriff's sale, under a judgment obtained on a scire facias sur municipal claim, is not bound to show that the Acts of Assembly relating to such proceeding have been strictly complied with; he is protected by the judgment.

Argued November 17, 1925. Appeal No. 339, October T., 1925, by plaintiff, from the judgment of C. P. Delaware Co., March T., 1916, No. 585, striking off judgment, in the case of Township of Upper Darby v. Patrick J. Bennett. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Petition to strike off a judgment entered on a municipal lien. Before BROOMALL, J.

The facts are stated in the opinion of the Superior Court.

The court ordered the judgment stricken off. Plaintiff appealed.

*Error assigned* was, among others, the order of the court.

*Howard M. Lutz,* for appellant.—The defendant was not in a position to raise the question of irregularity of the sheriff's return after the title had passed to the purchaser at the sheriff's sale: Simons v. Kern, 92 Pa. 458; Delaney v. Gault, 30 Pa. 63; Cadmus v. Jackson, 52 Pa. 295; Emrick v. Dicken, 92 Pa. 78; Hering v. Chambers, 203 Pa. 172; Scranton v. Manley, 13 Pa. Superior Ct. 439.

The writ of scire facias continued the lien of the claim: Pittsburgh v. Daley, 5 Pa. Superior Ct., 528; Philadelphia v. Hospital, 143 Pa., 367; Philadelphia v. Weaver, 14 Pa. Superior Ct., 293; Pittsburgh v. Biggert, 23 Pa. Superior Ct., 540; Philadelphia v. Stewart, 31 Pa. Superior Ct., 72.

*Howard Lewis Fussell,* and with him *John M. Broomall,* for appellee.—The judgment was void because of a defective service of the alias scire facias: Ferguson v. Quinn, 123 Pa. 337; Fahey v. Beggs, 266 Pa. 151; Alles v. Lyon, 216 Pa. 604.

The lien was lost and the judgment on it was void: Philadelphia v. Cooper, 212 Pa., 306; City of Scranton v. Genet, 232 Pa., 272; Philadelphia v. Merz, 16 Pa. Superior Ct., 332.

Opinion by Porter, J., February 26, 1926:

The plaintiff, a township of the first class, on May 31, 1916, filed a municipal claim for an assessment for the construction of a sewer in front of a vacant lot owned by the defendant. No question as to the validity of the assessment is involved. On November 8, 1920, a writ of scire facias upon the claim was issued and was returned by the sheriff nihil habet as to defendant and, "on December 29, 1920, posted a true and attested copy of the within writ upon the within described premises, a vacant lot". On August 5, 1921, an alias scire facias was issued on the claim, to which the sheriff returned, "nihil habet as to the within named defendant, Patrick J. Bennett, the defendant cannot be found and their residence are unknown within the Commonwealth; and served the said writ by advertising a brief notice......of the same once a week for three........weeks in the Upper Darby Herald..... of which proofs of publication are hereto annexed. And also posted a true and attested copy of the within

writ upon the within described premises.'' On November 2, 1921, judgment was entered against the defendant for want of an affidavit of defense. A writ of levari facias was subsequently issued upon the judgment and the property sold by the sheriff to Roy A. Cross, to whom the sheriff, on December 31, 1921, delivered a duly acknowledged deed, which deed was subsequently recorded and the certificate of the recorder certifying that fact duly filed. On August 13, 1923, the defendant filed his petition praying for a rule on Cross (the purchaser), the sheriff and the Township of Upper Darby, to show cause why the judgment should not be adjudged void, and stricken from the record, which rule the court granted and subsequently made absolute. From that order we have this appeal.

The grounds upon which the defendant contended that the judgment should be stricken from the record were; that the Act of May 6, 1909, P. L. 452, required that the sheriff ''post a true copy of the writ on the most public part of said property''; that the return of the sheriff was that he had posted a copy of the writ ''on the said property'', without stating that it was upon the most public part thereof; that as the record disclosed the writ was not served in the manner required by the statute and that the court was, therefore, without jurisdiction to enter the judgment, which was for that reason void.

The learned judge of the court below held that, as the first scire facias was not served in the manner required by the statute, it must be regarded as a nullity and was not effective to continue the lien of the claim, and that, as the second scire facias was not issued until more than five years after the filing of the claim, the lien of the latter had expired, and that the court was without jurisdiction to enter the judgment which must, therefore, be stricken off. If the provisions of the Act of June 4, 1901, P. L. 371, had not been modi-

fied by subsequent legislation with regard to municipal claims the conclusion at which the learned judge arrived would undoubtedly have been correct; Scranton v. Genet, 232 Pa. 272. Mr. Justice Stewart, who spoke for the Supreme Court in that case, pointed out, in his opinion, the changes in the pre-existing law which had been effected by that statute, and it was there held that the issuing of a scire facias did not operate to continue the lien of the claim, that it was merely process by which the claim might be reduced to judgment; that unless a scire facias was issued within five years and a verdict recovered under proceedings upon that writ or judgment entered in proceedings thereon within five years after the writ issued, the claim was wholly lost. The 17th section of the Act of 1901 expressly provided that "No writ of scire facias to revive the claim shall be issued prior to judgment entered on the scire facias". Under that statute the mere issuing of a writ of scire facias had no potentiality to continue the lien of the claim. That case was pending in the Supreme Court and the mere fact that the question had been raised and the probability of its being determined adversely to municipal claims may have resulted in convincing the legislature that any doubt with regard to the matter should be settled by positive enactment, but, whatever the reason, the legislature saw fit to change the law.

The Act of June 20, 1911, P. L. 1080, amending section 10 of the Act of 1901, provides that, "Such......municipal claim, if filed within the period aforesaid, shall remain a lien upon said properties until fully paid and satisfied: provided, however, that......a writ of scire facias, in the form herein provided, be issued to revive the same, within each period of five years following—(a) the date on which said claim was filed, (b) the date on which a writ of scire facias was issued thereon, (c) the date on which any judgment

was entered thereon, ......or (e) the date on which a judgment of revival was obtained thereon''. The effect of this legislation was practically to restore the office which the writ of scire facias on a municipal claim had served prior to the adoption of the Act of 1901. It certainly cannot be contended that it was not the intention of the legislature to give to the issuing of the writ of scire facias the effect of continuing the lien of the claim for the period of five years from the date of its issue. The continuance of the lien of the claim is not by this legislation made to depend on the manner in which the writ was served. When the writ is issued in the proper form the lien of the claim is continued for five years from that date, and the plaintiff municipality is not chargeable with the sheriff's failure to serve the writ; Davidson v. Thornton, 7 Pa. 128; Pennock v. Hart, 8 S. & R. 369. The first scire facias issued in the present case was not a nullity, its effect was to continue the lien for five years from the date of its issue. When the second scire facias issued there was existing a valid lien upon which it was founded. The return of the sheriff to each of these writs failed to strictly comply with the provisions of the statute, but the proceeding was in rem and in a court having jurisdiction of the subject-matter. The court entered judgment in favor of the plaintiff, that is, against the property. Execution was duly issued upon the judgment and the property was in regular order sold by the sheriff and that officer delivered a deed, acknowledged in the manner required by law, to the purchaser. This defendant, the appellee, made the purchaser at sheriff's sale a party to the proceeding to strike off the judgment and thereby brought into question the validity of the sheriff's sale. Cross had paid his money upon the faith of a judicial sale and was not bound to show that the Acts of Assembly had been strictly complied with; he was protected by the judgment which the court had entered in proceedings upon

the municipal claim; Delaney v. Gault, 30 Pa. 63; Emrick v. Dicken, 92 Pa. 78; Hering v. Chambers, 103 Pa. 172. We are not in this case dealing with proceedings under special legislation such as the acts relating to the cities of Philadelphia and Pittsburgh, providing for the registration of their deeds by the owners of property and regulating the sales of such property under proceedings upon tax and municipal claims, which were involved in the cases of Ferguson v. Quinn, 123 Pa. 337 and Philadelphia v. Cooper, 212 Pa. 306. This case is to be disposed of under the general legislation of the Commonwealth regulating proceedings on municipal claims and the purchaser at this sheriff's sale had a right to rely upon the validity of the judgment and it ought not to have been stricken off.

The legislature, in the 9th section of the Act of May 28, 1915, P. L. 610, recognized the principles established by the decisions prior to the approval of the Act of 1901 and enacted that: "Upon the delivery by the sheriff of a deed for any property sold under a tax or municipal claim, the judgment upon which such sale was had shall thereupon and forever thereafter be final and conclusive as to all matters of defense which could have been raised in the proceeding, including payment, and no error or irregularity in obtaining or entering of such judgment shall affect the validity thereof". The language of this statute clearly means that where the interest of a third party has become involved, the purchaser, the judgment shall not be in any manner questioned, either by direct or collateral attack, upon the ground that there has been some mere irregularity in the proceedings. In this case the manner of the service of the writs was an irregularity which did not render the judgment void. It was voidable only and the purchaser at sheriff's sale was warranted in assuming it to be valid. The assignment of error is sustained.

The order of the court below striking off the judgment is reversed, the judgment is reinstated, and it is ordered that the appellee pay the costs of this appeal.