## Carless et al. *v.* McCloskey, Appellant.

*Municipal liens—Scire facias—Form of writ—Defective service—Sheriff's sales—Delivery of deed by sheriff—Effect—Acts of June 4, 1901, P. L. 371, June 20, 1911, P. L. 1080, and May 8, 1915, P. L. 599.*

Under the Act of June 20, 1911, P. L. 1080, amending section 10 of the Act of June 4, 1901, P. L. 371, the issuance of a writ of scire facias on a municipal claim within five years from the date of filing the claim continues its lien for five years from that date without regard to the manner in which the writ is served. When the writ is issued in the proper form the plaintiff municipality is not chargeable with the Sheriff's failure to serve the writ.

Section 17 of the Act of 1901, as amended by the Act of May 6, 1909, P. L. 452, provides the form of writ for scire facias sur municipal claim. Section 19 of said act applies only to writs to revive judgments entered on a scire facias sur municipal claim.

The validity of a sheriff's sale under a municipal lien and the jurisdiction of the court to make the sale cannot be attacked on the ground that the claim was paid before the lien was filed. The defense of payment goes to the validity of the debt or claim, not to the jurisdiction of the court.

All matters of substantive defense, such as payment, must be presented to the court by way of defense to the scire facias, and if not done the judgment on the scire facias is conclusive on all points that might have been defended against, and a purchaser under it is protected by the judgment which the court has entered.

Section 9 of the Act of May 28, 1915, P. L. 610, provides that upon delivery by the sheriff of a deed for any property sold under a tax or municipal claim, the judgment upon which such sale was had shall thereupon and forever thereafter be final and conclusive as to all matters of defense which could have been raised in the proceeding, including payment, and no error or irregularity in obtaining or entering of such judgment shall affect the validity thereof.

Argued November 15, 1926. Appeal No. 5, October T., 1926, by defendant from judgment of C. P. Delaware County, March T., 1924, No. 1063, in the case of Mary Carless and Laura Carless v. John McCloskey. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Ejectment for the recovery of possession of certain premises against which a municipal lien had been

filed and the property sold thereon.    Before BROOM-
ALL, J.

The facts are stated in the opinion of the Superior
Court.

Rule to show cause why judgment should not be
entered for the plaintiff on the pleadings.

The rule was made absolute.    Defendant appealed.

*Error assigned,* among others, was the judgment of
the court.

*Howard M. Lutz,* of *Lutz, Irvin, Reeser and Fron-
field,* and with him *Williams & Sinkler,* for appellant,
cited:    Upper Darby Township v. Bennett, 87 Pa.
Superior Ct. 414; Cadmus v. Jackson, 52 Pa. 295;
New Orleans v. Warner, 175 U. S. 120; Hewes v.
Miller, 254 Pa. 57; Stearns Co. et al. v. Hewes, 256
Pa. 577.

*John B. Hannum, Jr.,* of *Hannum, Hunter & Han-
num,* and with him *S. Edward Hannestad,* for appel-
lees, cited:    Salonic v. Weiswasser, 82 Pa. Superior
Ct. 279; Com. v. Andoukitis, 83 Pa. Superior Ct. 206;
Sautter v. Rowland, 285 Pa. 212; Burke v. Bryant,
283 Pa. 114; Breisch v. Coxe, 81 Pa. 336; Montgomery
v. Meredith, 17 Pa. 42; McLaughlin v. Kain, 45 Pa.
113; Africa v. Trexler, 232 Pa. 493; Scott Township
v. Davis, 77 Pa. Superior Ct. 352.

OPINION BY KELLER, J., March 3, 1927:

The disposition of this appeal depends on whether
the sheriff's sale of the plaintiffs' property passed a
good title to the purchaser.    If it did the judgment
of the lower court must be reversed.

On May 29, 1916, the plaintiffs were the owners of
the property in dispute in this action, situate in the
township of Upper Darby.    On that date the Township

filed its municipal claim against the property for a sewer assessment. On November 8, 1920, a scire facias was issued on this municipal claim, to which the sheriff made a return which it is admitted was defective and not in accordance with statutory requirements. On July 22, 1921, an alias writ of scire facias sur municipal claim was issued which was legally served and returned by the sheriff. Service was not made personally, as the owners were non-residents, but by posting and publication as directed by statute. Judgment was entered on November 2, 1921, for want of an affidavit of defense, and on November 9, 1921, a levari facias was issued on the judgment on which the premises were sold by the sheriff and a sheriff's deed duly executed to the purchaser, the predecessor in title of the defendant.

.The plaintiffs attacked the sale on the ground that the judgment entered on the municipal claim was invalid for lack of jurisdiction, because the sewer assessment had actually been paid prior to the filing of the claim. The learned court below disregarded this, but entered judgment in favor of the plaintiffs on the pleadings on the ground that the issuance of the writ of scire facias on November 8, 1920, failed to continue the lien of the claim, and was a mere nullity, because it was defectively served by the sheriff; and as the alias scire facias was not issued until over five years after the filing of the claim, the lien was gone and no judgment could be entered upon it. We have carefully considered both positions and are of opinion that neither is tenable.

We will discuss them in inverse order.

(1) In deciding that the mere issuance of the scire facias within five years, if defectively served by the sheriff, was not sufficient to continue the lien of the municipal claim the court below followed its own ruling in the case of Upper Darby Township v. Ben-

nett, 17 Del. Co. Rep. 99. But its action in that case was subsequently reversed by this court in 87 Pa. Superior Ct. 414. We there held that under the Act of June 20, 1911, P. L. 1080, amending section 10 of the Act of June 4, 1901, P. L. 371, the issuance of a writ of scire facias on a municipal claim, within five years from the date of filing the claim, continues its lien for five years from that date without regard to the manner in which the writ is served; when the writ is issued in the proper form, the plaintiff municipality is not chargeable with the sheriff's failure to serve the writ. The facts in that case were practically the same as in the present case, except that in the Bennett case the returns on both the original and alias writs were defective, while in this case the alias writ was properly served and returned. The opinion of President Judge PORTER in that case (see pages 417-419) is a complete answer to the ruling of the court below.

The appellees seek to escape from the force of the Bennett decision by asserting that the alias scire facias in this case was not issued in the proper form. There is only one form of writ for scire facias sur municipal claim provided for by the Act of 1901, supra, and that is set forth in section 17, (as amended by Act of May 6, 1909, P. L. 452) and both the original and alias writs of scire facias in this case conformed to it. The writ which the appellees contend should have been used—that set forth in section 19—applies only to writs of scire facias to revive the *judgment* entered on the scire facias sur municipal claim, not to writs to revive the claim *before* judgment. The lower court correctly apprehended this when it said in its opinion: "This Act of 1911 re-enacts the old law and makes this change: A claim being duly filed shall remain a lien until fully paid and satisfied, provided that ....... (2) a scire facias, *in the form of a scire facias to collect,* be issued

to revive within each period of five years following
. . . . . . (b) the date on which a scire facias was issued.''

(2)   The other position, that relied upon by the
appellees in the court below, viz., that the judgment on
the scire facias and all proceedings on the claim were
void for want of jurisdiction, because the assessment
had been paid prior to the filing of the claim is not only
opposed to the general trend of authority but is
directly contrary to the express provisions of the Act
of May 28, 1915, P. L. 599, section 9. The defense of
payment goes to the validity of the alleged debt or
claim, not to the jurisdiction of the court. The subject
is considered in the standard work of Freeman on
Judgments (5th Ed.), Sec. 363, p. 757, as follows: ''Ob-
jections relating to the cause of action upon which the
judgment is based differ in no essential respect from
other non-jurisdictional matters. It is imperative, of
course, that the cause of action presented to the Court
for its determination fall within a class over which it
may rightly exercise jurisdiction. But jurisdiction
does not depend upon the existence or validity of the
cause of action or the sufficiency or fullness with which
it is presented in the pleadings. If the Court has the
requisite power over the subject matter and the parties
nothing further is required. The debt or claim upon
which the action is based may not be a natural or
subsisting one, but that does not defeat jurisdiction
nor invalidate the judgment founded thereon. That
fact alone would not furnish cause for setting the judg-
ment aside in a collateral proceeding; nor would any
matters constituting merely a defense to the former
action. The justness or equity of the debt or claim
cannot be inquired into nor its legality or validity
questioned. Hence a collateral attack must fail that
proceeds upon the ground that the judgment was based
on a paid or satisfied claim or obligation, as upon a
satisfied mortgage, or upon a discharged obligation

to pay taxes......" Thus, in Blythe v. Richards, 10 S. & R. 261, an action in ejectment, evidence was not admissible to prove that the mortgage-money, for which judgment was recovered by default, was paid before such judgment was obtained. See also Nace v. Hollenback, 1 S. & R. 539; Hartman v. Ogborn, 54 Pa. 120, p. 122. It follows that the judgment, regularly obtained after service of the writ, (pursuant to the Act of May 6, 1909, P. L. 452, which, by section 2, p. 456, gives service by publication the same effect as if personally served, the judgment being in rem), is not affected by any defense which could and should have been presented by the defendants therein to the scire facias. Given jurisdiction over the subject matter,— and that is expressly committed to the Court of Common Pleas by the Act of 1901, supra,—all matters of substantive defense, such as payment must be presented to the court by way of defense to the scire facias, and if not done, the judgment on the scire facias is conclusive on all points that might have been defended against; and a purchaser under it is protected by the judgment which the court has entered: Delaney v. Gault, 30 Pa. 63; Emrick v. Dicken, 92 Pa. 78; Hering v. Chambers, 103 Pa. 172; and has a right to rely on the validity of the judgment: Upper Darby Twp. v. Bennett, supra, p. 420.

We must not confuse the practice with reference to treasurer's sales for taxes, with sheriff's sales under writs of levari facias, issued upon judgments obtained on municipal claims for taxes or public improvements. In the former, the proceeding is ex parte; the owner has not had his day in court and hence if the tax has actually been paid the sale is invalid. In the latter the proceeding is not ex parte; the owner has actually or constructively had his day in court and an opportunity to show every defense which he may have to the claim, including payment. Hence the decisions relied on by

the appellee, Montgomery v. Meredith, 17 Pa. 42; Mc-Laughlin v. Kain, 45 Pa. 113; Breisch v. Coxe, 81 Pa. 336; Dougherty v. Dickey, 4 W. & S. 146; Pottsville Lumber Co. v. Wells, 157 Pa. 5; Africa v. Trexler, 232 Pa. 493, etc., are not applicable to this case for they were all concerned with treasurer's sales for taxes where no scire facias had been sued out against the owner, no opportunity given him for his day in court and no judgment obtained. They are not in conflict with Cadmus v. Jackson, 52 Pa. 295, which was a case where judgment was obtained on a writ of scire facias after opportunity given the owner to defend, and which holds that the validity of a sale of land on a judgment for taxes, cannot be impeached by evidence that the taxes had been paid before the rendition of the judgment. See also Hering v. Chambers, 103 Pa. 172. In Delaney v. Gault, supra, the only reason the real owner was not concluded by the judgment was that he had not been made a party to the scire facias and hence had not had his day in court. See also Nace v. Hollenback, supra.

But whatever doubt may have existed on the subject was dispelled by the Act of May 28, 1915, P. L. 599, Sec. 9, which provides: "Upon the delivery by the sheriff of a deed for any property sold under a tax or municipal claim, the judgment upon which such sale was had shall thereupon and forever thereafter be final and conclusive as to all matters of defense which could have been raised in the proceeding, including payment, and no error or irregularity in obtaining or entering of such judgment shall affect the validity thereof." This is as comprehensive as language can make it. It embraces every matter of defense that could have been raised in the proceeding, "including payment," and this is irrespective of when the payment is alleged to have been made, whether before or after the filing of the claim. The test is, could these plaintiffs, if they had

appeared to the scire facias, have defended on the ground that they had paid the assessment before the claim was filed? Unquestionably they could. Then they are concluded by the judgment in so far as the validity of the sale held thereunder is affected, and the title to the land sold pursuant thereto.

The assignments of error are sustained. The judgment is reversed and is now entered on the pleadings in favor of the defendant.