## City of Philadelphia v. Sharp.

*Milford M. Tinsley,* for petitioner; *Michael J. O'Callaghan,* for respondent.

KUN, J., December 20, 1930.—This is a rule for judgment upon the whole record. A citation for possession was issued in accordance with the Act of

April 20, 1905, P. L. 239, which provides a method whereby a purchaser of real estate at a sheriff's sale may secure the possession thereof.

The petitioner, Emily H. Armstrong, purchased premises No. 2814 Jackson Street, Philadelphia, at a sheriff's sale held on June 3, 1929, receiving a deed therefor on July 22, 1929, which deed has been duly recorded. The said sale was had on proceedings for the collection of taxes assessed against the said premises for the year 1921 and for which a lien was filed as of the above court, term and number. The respondent, Catherine Mulligan, the person in possession, obtained title to the premises from one Mary Forrester by a deed June 23, 1928, and not recorded or registered until May 21, 1929, which was after the date of issuance of the levari facias under which the sheriff sold the property. Respondent seeks to retain possession of the property on three grounds:

(1) That the lien was not filed against the registered owner; (2) that the registered owner of the property was not properly served with the scire facias; (3) that the receiver of taxes issued in March, 1929, a certificate showing taxes due on the premises for the years 1923 to 1928, and showing no taxes for 1921, hence raising the question of estoppel.

Proceedings for the collection of taxes are now governed by the Act of May 16, 1923, P. L. 207, which provides that the name of the owner, which in Philadelphia, because of our registry bureau, means registered owner, must be set forth. The lien in this case was filed against one Rebecca Sharp on November 17, 1923, who is referred to in the petition as owner. The answer to the petition does not deny that Rebecca Sharp was the registered owner, but takes exception to the fact that she is referred to in the petition as the *owner* and not as the *registered owner*. The Act of 1923, *supra*, states that the "name of the owner" must be set forth. We think this has been sufficiently done. Moreover, a tax lien is a proceeding in rem, and in this case when the scire facias was issued thereon, Mary Forrester, who had become the registered owner, was substituted as party defendant, and made defendant in the scire facias, which corrected any deficiency in the name of the defendant as originally set forth.

As to the second point that the registered owner was not properly served with the scire facias, the sheriff made return—"Posted and advertised, *nihil habet* as to the defendant." This service is in accordance with section eighteen, subdivision C, of the Act of 1923, *supra*, which provides for service by advertising when the defendant named in the writ cannot be found by the sheriff, or her residence is unknown to him. Hence, personal service upon the defendant in this type of case is not necessary. Respondent further denies in her answer that the sheriff posted the property. It is a well-established rule of law in this Commonwealth that one cannot contradict the sheriff's return: Rickard *v.* Major, 34 Pa. Superior Ct. 107.

In addition to the above, the said Act of 1923, section 31, provides as follows: "Upon the delivery by the sheriff of a deed for any property sold under a tax or a municipal claim, the judgment upon which sale was had shall thereupon and forever thereafter be final and conclusive as to all matter of defense which could have been raised in the proceedings, including payment, and no error or irregularity in obtaining or entering of such judgment shall effect [*sic*] the validity thereof."

In the cases of Upper Darby Township *v.* Bennett, 87 Pa. Superior Ct. 414, and Carless *v.* McCloskey, 90 Pa. Superior Ct. 209, a similar section in the Act of May 28, 1915, P. L. 610, was interpreted. In these cases it was held that after the sheriff had given a deed for a property sold under a tax or a

municipal claim one cannot question the judgment upon grounds of irregularity in the proceedings.

Respondent further relies upon the fact that she, in March, 1929, received from the receiver of taxes a certificate showing taxes due on the property from 1923 to 1928, and on this ground claims that the plaintiff was estopped from pressing its lien for taxes for the year 1921. It is to be noted that a lien was filed for the taxes of 1921 on November 17, 1923, and that on March 6, 1929, judgment had been entered thereon. The lien was a matter of public record, and any one who examined the record could have seen it. The certificate does not set forth, nor is it averred that it stated, that there were no taxes due for the year 1921. In this respect the case differs from the facts set forth in Philadelphia v. Anderson, 142 Pa. 357, and Philadelphia v. Black, 63 Pa. Superior Ct. 420, in which cases certificates were issued stating affirmatively that no taxes were due for specified years. The courts held that the city was on this account estopped from filing liens for the same taxes thereafter. There is no such certification in the instant case.

The rule for judgment in favor of the petitioner upon the whole record for possession was properly made absolute.