R. G. FERGUSON v. J. P. QUINN.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF ALLE-
GHENY COUNTY.

Argued October 30, 1888—Decided January 7, 1889.

|123 337|
|124 57|
| 123 | 337 |
| 27 SC | 556 |
| 123 | 337 |
| 212 | ²309 |
| 212 | 310 |
| 123 | 337 |
| 216 | 605 |

|123 337|
|226 ²482|

(a) Section 4 of the act of February 24, 1871, P. L. 126, relating to the registry of lots in the city of Pittsburgh, provides that no property registered as required " shall be subject to sale for taxes or other municipal claims thereafter to accrue as liens of record, except in the name of the owner, as returned, and after recovery by suit and service of the writ on him, as in case of a summons, scire facias or other appropriate writ."

(b) Judgment was entered in a scire facias sur municipal claim by said city upon two returns, that to the first writ being, "posted, and nihil as to defendant;" that to the alias writ being, "property posted on former writ and nihil as to the defendant;" upon which judgment the property was subsequently sold upon levari facias:

1. Though, generally, a purchaser at sheriff's sale under a judgment obtained on scire facias sur municipal claim is not bound to show that acts of assembly relating to such proceeding have been strictly complied with, as he will be protected by the judgment: Hering v. Chambers, 103 Pa. 172;

2. And, while irregularities in respect of notice of the assessment when made, and of the advertisement of the sheriff's sale, might be cured by the judgment, yet the service of the alias writ was defective under said section, the court acquired no jurisdiction thereby, and the sale was a void sale on a void judgment and passed no title to the purchaser.

3. Whether the proviso to § 8 of said act, requiring an owner to redeem within one year from the date of the purchaser's deed or have no right or title to the property, applies to any except tax sales, doubted; at all events, that proviso could not affect the owner's rights after a sale upon a void judgment.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK, WILLIAMS and HAND, JJ.

No. 201 October Term 1888, Sup. Ct.; court below, No. 428 December Term 1886, C. P. No. 1.

A summons in ejectment to the first Monday of December, 1886, for a lot in the Sixteenth ward, Pittsburgh, was duly served, in an action wherein Robert G. Ferguson was the plaintiff and James P. Quinn, defendant. Issue.

VOL. CXXIII—22

At the trial on March 8, 1888, the plaintiff showed title in himself by deed from Gustavus Stoy dated October 2, 1871, for lot No. 64 in Stoy's plan which deed was recorded in the recorder's office on April 19, 1872, and the property registered in the city engineer's office, August 19, 1872, with possession in himself until possession taken by the defendant under certain sheriff's deed in 1886 and continued until suit brought. The plaintiff then put in evidence all acts of assembly relating to the registry of lots in the city of Pittsburgh, and acts and city ordinances relating to the assessment and collection of municipal claims and liens for the construction of sewers in said city, and rested.

The defendant then offered the record of No. 17 April Term 1885, Municipal Lien Docket, showing a lien filed against the property in dispute for $5, for the construction of a sewer on Penn avenue : Also, the scire facias sur said lien, judgment, and levari facias thereon, with the return of the sheriff ; which records showed that judgment had been taken on two returns of nihil to a scire facias and alias scire facias, the return to the last writ being, " Property posted on former writ and nihil as to defendant. So ans. Jos. H. Gray, sheriff : " Also, deed from Joseph H. Gray, sheriff, in pursuance of the return to the levari facias, to James P. Quinn, dated April 17, 1886, consideration $155, acknowledged and recorded.

These offers were objected to, inter alia, as follows :

3. As incompetent and irrelevant, because it is a portion of the record only; that this judgment was obtained on an alias scire facias, which alias scire facias was not served in accordance with the act of assembly, and the judgment is invalid, because the alias scire facias on which it was obtained shows by the return that the writ was retained in the sheriff's office without an effort to serve it.

4. The sheriff's deed based on the judgment is objected to because the judgment was null and void.

5. The admission of the sheriff's deed is objected to, because it shows the sale of a piece of property on Mifflin street, and there is no evidence that the name of this street was ever changed from Mary to Mifflin, and the property of the plaintiff was purchased on Mary street, and there is no evidence of any change of name of the street.

By the court : Objections overruled.[1]

The defendant then rested.

In his rebuttal case, the plaintiff was called in his own behalf.

Counsel for plaintiff propose to prove by the witness on the stand that he was the owner of this lot in question ; that he is an old resident of the 17th ward, adjacent to the ward in which this property is situated ; that he is in business in the 17th ward, has been and was at the time these proceedings were going on ; that he had no notice of the construction of this sewer from the board of assessors, the city treasurer or city attorney ; that he had no notice of the filing of this claim in court ; that he was not served with notice of the scire facias or alias scire facias and had no knowledge of the sale of his property until three months or more after it was sold, and the property had gone into the hands of the defendant ; that he had paid all taxes on the property ; all street assessments prior to this one, as soon as they were given to him ; that he saw a notice in The Pittsburgh Times under the heading of sheriff sales, of date March 20, 1886, of a lot of ground in the 16th ward, under the name of R. G. Ferguson, fronting two hundred feet on Mifflin street ; that his lot was twenty feet on Mary street ; that he had no notice or knowledge of the change of the name of this street until he found such to be the case in the sheriff's proceedings, and the notice was no notice to him, or, if any, a misleading one, and did not put him on his guard.

Objected to, as incompetent and irrelevant.

By the court : You may show that the witness had no notice ; you may show that the writ never went out of the sheriff's office, that it was not posted.

The witness testified in support of the offer as admitted.

The plaintiff then offered the alias scire facias sur municipal lien, No. 17 April Term, 1885, city of Pittsburgh against R. G. Ferguson, for the purpose of showing that the service was not a proper one, was defective on its face, and that the judgment rendered on this alias scire facias was null and void, because issued and returned from the sheriff's office without any effort to serve the defendant; the return being as follows : "Property posted on former writ and nihil as to deft. So ans. Jos. H. Gray sheriff."

Charge of Court below.

Objected to as incompetent and irrelevant.

By the court: Objections overruled, and evidence admitted.

The plaintiff then offered to prove by Mr. Pearson, the writ clerk of the sheriff of Allegheny county, that the alias scire facias offered in evidence was returned by him; that the return is in his handwriting; that it was returned in the sheriff's office without being put in the hands of an officer for service, and that no effort was made to serve the defendant or find him, or post the premises on the alias scire facias.

Objected to as incompetent and irrelevant.

By the court: Objection sustained.[2]

The plaintiff then offered to show by The Pittsburgh Times of March 20, 1886, the following notice of the sheriff's sale:

### R. G. FERGUSON

No. 2. L. F.; 17 April Term 1885; M. L. D. $5. Moreland.

Lot fronting 200 feet on south side of Mifflin street, 16th ward Pittsburgh, and running back 100 feet to Cabinet alley.

Objected to as incompetent and irrelevant.

By the court: Objection sustained.[3]

The testimony was then closed, when the court, COLLIER J., instructed the jury to find for the defendant and answered the points submitted by the plaintiff as follows:

1. That the record does not show that plaintiff at any time received notice from the board of assessors, city treasurer or city attorney, of this claim; nor that he had notice of the suit, judgment, execution or sheriff's sale in this proceeding, viz., No. 17 April Term, 1885, municipal lien docket, and that by reason thereof he is entitled to recover.

Answer: Refused.[4]

2. That the notice of a sheriff's sale published in The Pittsburgh Times, under date of March 20, 1886, of a lot of ground in the name of plaintiff, fronting 200 feet on Mifflin street, was such a misleading notice to plaintiff of his lot, fronting 20 feet on Mary street, as to throw him entirely off his guard; this added to the fact of the inadequacy of price paid for the lot of ground, would have justified the court in setting aside the sale, and that by reason thereof the plaintiff is entitled to recover.

Answer: Refused.[5]

3. That the alias scire facias, No. 17 April Term 1885, municipal lien docket, was not legally served; on its face it shows that no attempt at serving the defendant was made; that the judgment obtained by reason thereof is void, and that the verdict must be for the plaintiff.

Answer: Refused.[6]

4. That the judgment obtained in the case, No. 17 April Term 1885, municipal lien docket, was not acquired in strict conformity with the acts of assembly relating to municipal claims and liens in the city of Pittsburgh, and that the verdict must be for the plaintiff.

Answer: Refused.[7]

5. That under the law and facts in this case the verdict must be for the plaintiff.

Answer: Refused.[8]

The jury having returned a verdict for the defendant, as directed, the plaintiff took this writ, assigning as error:

1. The admission of defendant's offer.[1]
2, 3. The refusal of the plaintiff's offers.[2] [3]
4–8. The refusal of the plaintiff's points.[4 to 8]

*Mr. J. J. Miller,* for the plaintiff in error:

It does not seem necessary to refer to the abundance of the authorities establishing the right to investigate the validity of judgments upon which sheriffs' sales have been had. A sheriff's vendee buys at his peril; not only must there be a legal judgment, but a legal execution also, to make a sheriff's sale valid: Cadmus v. Jackson, 52 Pa. 306; Simons v. Kern, 92 Pa. 455. A party claiming under a tax sale, must show a strict compliance with the acts of assembly: Dikeman v. Parrish, 6 Pa. 210; Shearer v. Woodburn, 10 Pa. 512; Wister v. Kammerer, 2 Y. 100; Smith v. McGrew, 4 W. & S. 341. Assuming, therefore, that the judgment in this case can be shown to be absolutely void, by reason of defective service, we say:

1. Section 13, act of January 6, 1864, P. L. 1134, Thompson's City Digest, 239, relating to assessments for sewers in the city of Pittsburgh, requires assessors to give ten days notice to each owner, of the time and place when he may see

the plot and statement. Section 15 provides: " When approved by councils the plot and assessment list shall be placed in the hands of the city treasurer, who shall give notice," etc. Section 17 provides that the notices therein required to be given shall be served, " if the owner is a resident of said city, by personal service upon him, or by copy left at his dwelling house, or usual place of business." Not one of these notices was ever served upon the plaintiff. All proceedings which affect the rights or property of a citizen are nugatory if unaccompanied by reasonable notice: Olds v. Erie City, 79 Pa. 384; Neeld's Road, 1 Pa. 353; Boyer's Road, 37 Pa. 257.

2. The court had no jurisdiction to enter judgment on the fatally defective return of the alias scire facias. The plaintiff had complied strictly with the provisions of § 4, act of February 24, 1871, P. L. 126: Thompson's City Dig. 194, with reference to registry of a description of the property in the city engineer's office, and no "property so returned shall be subject to sale for taxes or other municipal claims thereafter to accrue as liens of record thereon, except in the name of the owner, as returned, and after recovery by suit and service of the writ on him, as in the case of summons, scire facias, or other appropriate writ." If the original writ was not served on the owner as directed by the act, the want of authority to sell may be taken advantage of in an action of ejectment: Gans v. Philadelphia, 102 Pa. 97; Wolf v. Philadelphia, 105 Pa. 25; Simons v. Kern, 92 Pa. 455. Where the proceedings under the provisions of a statute are designed to divest the title of the owner of property, every essential requirement of the statute must be observed: O'Byrne v. Philadelphia, 93 Pa. 225; Wistar v. Philadelphia, 86 Pa. 215. The alias scire facias not having been served, the sale was made without authority. It was not a mere irregularity, but a clear nullity, and can be shown at any stage of the proceedings: Shields v. Miltenberger, 14 Pa. 78; Kintz v. Long, 30 Pa. 501; Sheetz v. Wynkoop, 74 Pa. 198; Soullier v. Kern, 69 Pa. 16; Simons v. Kern, 92 Pa. 455; Roberts v. Orr, 56 Pa. 176.

*Mr. D. D. Bruce* (with him *Mr. J. M. Shields*), for the defendant in error:

1. Apart from the registry act, the line of decisions settles

the law that a purchaser at sheriff's sale under a judgment obtained on a scire facias on a municipal lien is not bound to show that the acts of assembly have been strictly complied with. In regard to all these he is protected by the judgment. When the record shows a defective service, a judgment by default may be reversed, but it may not be declared void in a collateral proceeding: Hering v. Chambers, 103 Pa. 176. In Simons v. Kern, 92 Pa. 455, a case under the registry act of Philadelphia, Justice STERRETT, in speaking of defective service and the proceedings prior to judgment, says: "The omission to do something that is necessary for the due and orderly conducting of a suit, or doing it in an unreasonable time or improper manner, and the like, may properly be regarded as irregularities which do not strike at the foundation of the authority for the proceedings in which they occur, and will, therefore, be cured by subsequent judicial approval." It is also held in that case that the Philadelphia act provides that no registered real estate shall be subject to a sale except after service of the writ on the owner, as in case of a summons, and that "a sale made in direct violation of this statutory prohibition, is void."

2. But the registry act of the city of Pittsburgh, and other acts relating to city liens, differ from the Philadelphia act in two important respects. The language of the Pittsburgh act is, "and after recovery by suit and service of the writ on him, as in case of a summons, scire facias, or other appropriate writ": Act of February 24, 1871, P. L. 126. But § 9, act of May 13, 1871, P. L. 842: Thompson's City Digest, 250, repeals all laws that conflict with its provisions, and provides that whenever a lien shall be filed for any assessment made in pursuance of any act of assembly relating to public improvements in the city of Pittsburgh, and a scire facias is issued thereon, it shall not be necessary to file an affidavit of claim, but "judgment may be entered thereon upon two nihils or service, in default of appearance or sufficient affidavit of defence." This act does away with the prohibition, if any, in the registry act, and the service becomes, as in all other cases, simply a matter of irregularity in the proceedings, and is, therefore, not a subject of inquiry in a collateral proceeding. Moreover, there is a proviso to § 8, act of February 24, 1871, that such owner shall

repay to such purchaser within one year from date of deed, with ten per centum added thereto, and "such owner not complying with this proviso shall have no right or title to such property, but the title shall remain good in the purchaser." The registry acts of Philadelphia are the act of March 14, 1865, P. L. 320, and the supplementary act of March 29, 1867, P. L. 600, and the provisions thereof as to the service of the writ are essentially different.

OPINION, MR. JUSTICE PAXSON:

Hering v. Chambers, 103 Pa. 172, following in the line of Delaney v. Gault, 30 Pa. 63; Cadmus v. Jackson, 52 Pa. 295; Soullier v. Kern, 69 Pa. 16; Emrick v. Dicken, 92 Pa. 78, decided that a purchaser at sheriff's sale under a judgment obtained on a scire facias sur municipal claim, is not bound to show that the acts of assembly, relating to such proceeding, have been strictly complied with; he is protected by the judgment.

It is provided by the fourth section of the act of February 24, 1871, P. L. 126, relating to the registry of lots in the city of Pittsburgh, as follows: "It shall be the duty of all owners of houses and lots or tracts of ground, to furnish forthwith descriptions of their property to the engineer, to aid him in making up his book of plans; and whensoever such descriptions shall have been furnished, and the certificate of the engineer or his assistant shall be received, no property so returned shall be subject to sale for taxes or other municipal claims thereafter to accrue as liens of record thereon, except in the name of the owner, as returned, and after recovery by suit and service of the writ on him, as in case of a summons, scire facias, or other appropriate writ," etc. The plain object of this act was to prevent the real estate of those citizens who had complied therewith in the matter of registry, from being swept from them by a judicial sale upon a municipal claim without notice to them and without their knowledge. If the act is no protection to a registered owner it has failed of its purpose, and might as well not have been passed by the legislature.

A somewhat similar act exists in the city of Philadelphia, and in construing it this court held in Simons v. Kern, 92 Pa. 455, that where an owner of real estate in the city of Philadel-

phia registers his deed therefor in compliance with the require-
ments of the act of March 29, 1867, a sheriff's sale of said real
estate passes no title, where it was made under an execution
in a suit in which the original writ was not served as directed
by said act. And in Emrick v. Dicken, a case from Allegheny
county, we said that had not the owner neglected to register
as required by the act (act for city of Allegheny) " it would
not have been possible to sell it (the land) upon this claim,
except in his own name as owner, and after recovery by such a
service of the writ upon him as in case of a summons."

The failure to serve the writ according to the act of assem-
bly upon a registered owner, under the above recited and
similar acts of assembly, is something more than an irregularity
which may be cured by the judgment. Where the owner has
been properly served, I apprehend mere irregularities would
be cured, and a purchaser at sheriff's sale would be protected
by the judgment, as in Delany v. Gault and the other cases
cited. But without such service the court acquires no jurisdic-
tion ; the judgment entered on such suit is absolutely void, and
the act of assembly prohibits a sale of the premises upon any
execution issued thereon.

In the case in hand the plaintiff's deed was registered in com-
pliance with the act of assembly. Judgment was taken against
him on the scire facias upon return of two "nihils." Neither
the scire facias nor the alias was served upon the plaintiff, nor
had he any notice or knowledge thereof, although for many
years a business man residing in the ward adjoining the one in
which the property in question is located. To the alias the sher-
iff returned : " Property posted on former writ and nihil as to
the defendant." Upon this return judgment was taken for
the amount of the municipal claim ($5) and the property of
the plaintiff was sold to the defendant for $155. Was this
service a compliance with the act of assembly? If it was, we
are inclined to think that, under the authorities, the other
irregularities would be cured and the purchaser protected by
the judgment.

There does not appear to have been any attempt to make
personal service. The proceeding was in rem and the first
writ was returned " posted and nihil as to the defendant."
This return goes upon the theory that an effort had been made

to find the defendant and had failed. The alias then issued and it was the duty of the sheriff again to make personal service, if within his power, and, if unable to do so, to post the writ upon the premises the second time, thus giving the defendant named therein another chance to learn of the proceeding against his property. The sheriff appears to have done nothing whatever upon the second writ. There is nothing to indicate that he had so much as taken it out of the pigeon-holes in his office, except to return it, "property posted on former writ and nihil as to defendant." The property should have been posted on the alias as well as upon the original, and the writ should have been so returned. As it stands there was no legal service. It was, therefore, clear error to give a binding instruction to find for the defendant. It should have been given in favor of the plaintiff.

There is no force in the position that the plaintiff should have redeemed within one year under the eighth section of the act of 1871. It is at least doubtful whether such provision applies to any except tax sales. And if it does it could not affect the case in hand, for the reason that this was a void sale upon a void judgment. It conferred no rights upon the purchaser, nor did it deprive the owner of any.

> The judgment is reversed, and a venire facias de novo awarded.

Argued October 30, 1888—Decided January 7, 1889.