## Philadelphia *v.* Merz.

*Municipal lien—Registered owner—Service of scire facias.*

Where there was a registered owner of premises against which a municipal lien had been filed, and on scire facias proceeding on the lien there is no affidavit of record that the registered owner has no known place of residence in the county, or that he cannot be found, the service of a scire facias by posting and advertising and nihil habet as to the registered owner is an insufficient service to support a valid judgment upon the scire facias.

*Municipal lien—Registered owner—Scire facias—Defective service—Appearance of owner after he has parted with title—Judgment.*

A defective service of a scire facias sur municipal lien by posting and advertisement and nihil habet as to the registered owner, when the registered owner actually occupied the premises at the time the writ was returned, is not cured by the appearance of the registered owner entered over a year after he had been deprived of title by sheriff's sale; and if judgment has been entered against him after such appearance, the purchaser of the premises at sheriff's sale has a standing to have such judgment stricken off.

Where a proceeding is purely in rem and the mandatory provisions of the statutes authorizing it have been ignored, it is not in the power of one who has no interest whatever in the property sought to be charged, and no personal interest whatever to be affected by the judgment asked for, to give jurisdiction to enter judgment by waiving a jurisdictional defect in the proceeding. The fact that such a person at one time had an interest does not make his right to waive the defect any clearer or stronger.

Argued Dec. 11, 1900.  Appeal, No. 116, Oct. T., 1900, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1893, No. 11, M. L. D., striking off a judgment in case of Philadelphia to use of John M. Mack v. John H. Merz, owner and registered owner, and May Brinton and Ferree Brinton, who intervened. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Affirmed.

Scire facias sur municipal lien for paving.

Rule to strike off judgment.

From the record it appeared that on May 20, 1893, a claim for $300.42 for paving was filed against a lot of ground in the twenty-seventh ward of the city of Philadelphia, the registered owner of which at that time was John H. Merz.

On March 28, 1898, an affidavit of service of notice of intention to issue a scire facias was filed of record.  It set up that John H. Merz had a known place of residence in Philadelphia county, to wit: 4200 Woodland avenue.

On the same day, March 28, 1898, a scire facias was issued and returned, served by posting and advertising, and nihil habet as to John H. Merz.

On November 19, 1898, the premises by a sheriff's deed was made to Ferree Brinton.  It appeared that in the previous year May Brinton had purchased the ground rent issuing out of the premises.

On February 26, 1900, leave was granted to Ferree Brinton and May Brinton to intervene and defend the scire facias.

On March 2, 1900, the affidavit of defense of May Brinton and Ferree Brinton was filed among the defective service of the scire facias.

On April 14, 1900, an appearance was entered for defendant, and on April 20, 1900, judgment was taken for want of an affidavit of defense, and damages were assessed at $433.50.

On April 27, May Brinton and Ferree Brinton entered a rule to strike off the judgment on April 20, 1900, against John H. Merz.  Prior to this time, on April 17, 1900, plaintiff entered a rule on May Brinton and Ferree Brinton to show cause why judgment should not be entered against them for want of a sufficient affidavit of defense.  The rule to strike off the judg-

334 PHILADELPHIA v. MERZ.

Statement of Facts—Opinion of the Court. [16 Pa. Superior Ct.

ment against Merz was made absolute, and a rule against May Brinton and Ferree Brinton was discharged.

*Error assigned* in No. 116 was in striking off the judgment against John H. Merz.

*E. O. Michener*, for appellant.—The defect in the service was waived by the appearance: Lorenz v. King, 38 Pa. 93; Hoffman v. Galland, 1 Leg. Rec. 16; Lupton v. Moore, 101 Pa. 318; Donoghue v. Hanley, 7 Cent. Repr. 604; Hall v. Law, 2 W. & S. 121; City v. Olive Cemetery Co., 6 W. N. C. 238; Benjamin v. Armstrong, 2 S. & R. 392; First Nat. Bank of Waverly v. Furman, 4 Pa. Superior Ct. 415; Davidson v. Thornton, 7 Pa. 128; Scranton v. Manley, 13 Pa. Superior Ct. 439.

*Ferree Brinton*, for appellees.—The failure to comply with the statutory requirement of service upon the registered owner works a different result than does a failure to comply with other statutory requirements. Nonobservance of the former renders a judgment void, while non-observance of the latter renders a judgment not void, but only voidable: Hering v. Chambers, 103 Pa. 172; Wistar v. Phila., 86 Pa. 215; Simons v. Kern, 92 Pa. 455; Safe Deposit & Trust Co. v. Fricke, 152 Pa. 231; City v. Olive Cemetery Co., 6 W. N. C. 238.

OPINION BY RICE, P. J., February 14, 1901:

This is a scire facias upon a municipal lien for a paving assessment issued against John H. Merz, the registered owner. On the day it issued, the plaintiff caused to be filed an affidavit of service of notice of intention to issue a sci. fa. The defendant's place of residence in the city of Philadelphia was given in the affidavit. The writ was returned, make known by posting and advertising and nihil habet as to John H. Merz, the registered owner. No affidavit that he was a nonresident of the city or could not be found therein was filed. See Act of June 10, 1881, P. L. 91. The fact is alleged in the affidavit of defense to which we shall hereafter refer that he was living on the premises at the time. About six months later he ceased to be the owner of the premises, his title having passed by virtue of a

sheriff's sale for arrears of ground rent to Ferree Brinton, one of these appellees. Still later, upon the application of Mr. Brinton and the owner of the ground rent, and after due notice to the plaintiff, they were permitted to intervene and to set up in an affidavit of defense, the objection "that there being a registered owner and there being no affidavit of record that this registered owner has no known place of residence in Philadelphia or that he cannot be found, the service of the sci. fa. by posting and advertising and nihil habet as to the registered owner is such a defective service that judgment cannot possibly be obtained under the said sci. fa." Afterwards a rule was entered to show cause why judgment should not be entered against them for want of a sufficient affidavit of defense. While this was pending, he having in the mean time caused an appearance to be entered for him, a judgment was entered in the prothonotary's office against John H. Merz for want of an affidavit of defense. Upon the application of these appellees, and after due hearing, the court struck off this judgment. From that order and the order discharging the rule for judgment against them, appeals were taken to this court. They may be considered together.

The cases cited in the opinion of the court below show conclusively, that, as the record stood at the time these appellees intervened, a valid judgment could not be entered upon this sci. fa. If judgment had been entered, it would have been void, and a sheriff's sale thereunder would have passed no title to the purchaser. To paraphrase the language of Mr. Justice PAXSON in Ferguson v. Quinn, 123 Pa. 337, it would have been a void sale upon a void judgment; it would have conferred no rights upon the purchaser and would have deprived the owner of none. In view of these authoritative decisions directly upon the point, we need not take up time in the discussion of the foregoing proposition.

As the case is presented to us it turns upon the effect of the appearance of John H. Merz, after he had parted with his title. We have no right to presume that if he had been duly served he would have been as willing as he now appears to be to have judgment entered against the land. How then can it be assumed that his appearance a year or two after he parted with the title is the full equivalent, so far as protecting the

land against the enforcement of the lien is concerned, of a proper service of the writ upon him at the proper time? But we need not speculate as to what he might or would have done if such service had been made; it is sufficient to say that what the statute required to be done in order to give the court jurisdiction to enter a valid judgment against the land was not done. The right to raise this objection was not a mere personal privilege, but, if not waived while he was owner, passed with the land to his successor in title. The familiar principle that a general and unqualified appearance is a waiver of all defects or irregularities affecting the notice, process, or service necessary to obtain jurisdiction of the defendant does not seem to us to apply to such a case. For present purposes it may be conceded that this principle applies to actions in rem, if at the time of the appearance the defendant is the owner of the property to be affected. Where, however, the proceeding is purely in rem and the mandatory provisions of the statutes authorizing it have been ignored—flagrantly in the present case—it is not in the power of one who has no interest whatever in the property sought to be charged, and no personal interest whatever to be affected by the judgment asked for, to give jurisdiction to enter judgment by waiving a jurisdictional defect in the proceeding. The fact that he at one time had an interest does not, in our opinion, make his right to waive the defect any clearer or stronger. We conclude, therefore, that the court committed no error in discharging the rule for judgment for want of a sufficient affidavit of defense.

If the office judgment entered against John H. Merz were in any sense a personal judgment, the contention that he alone could question it would prevail. But as it was a judgment in rem purely, if it had any validity, and as these appellees had been permitted to intervene for the very purpose of contesting the right of the plaintiff to such judgment, we cannot say that the court erred in striking it off. Until that question was decided, we think they had a right to object to the entry of any judgment upon the sci. fa., under which their land could be sold, even though the effect of such sale might be simply to becloud their title.

The order striking off the judgment is affirmed.