## Philadelphia *v*. Wellens, Appellant.

*Municipal liens—Payment of money into court—Act of February 21, 1862, P. L. 44.*

Where a property owner avails himself of the benefit of the Act of February 21, 1862, P. L. 44, and pays the amount of a municipal lien into court, he thereby releases his land from the lien, and places his money in custodia legis, and he cannot withdraw it until it is determined whether the claim of the city can be sustained. It is in the power of either of the parties to speed the cause by moving the court for such an issue, and neither the statutes of limitation nor delay in procedure can affect their rights. The owner has no right to withdraw the fund merely because the city has failed to issue a sci. fa. on the lien within five years from its filing.

Argued Dec. 12, 1901. Appeal, No. 223, Oct. T., 1901, by defendants, from order of C. P. No. 2, Phila. Co., Dec. T., 1893, M. L. D., No. 675, discharging rule to withdraw money from court in case of Philadelphia v. Jules Wellens, Owner, etc., and Jules Wellens, Wesley Stead and Theodore F. Miller, Reputed Owner. Before RICE, P. J., BEAVER, ORLADY, W. W. POR-TER and W. D. PORTER, JJ. Affirmed.

Rule to show cause why the prothonotary should not pay back to the owner the amount of a municipal lien paid into court.

From the record it appeared that the defendant claimed a right to repayment because the city had failed to issue a sci. fa. on the lien within five years from its filing.

The court discharged the rule.

*Error assigned* was the order of the court.

*Francis S. Cantrell, Jr.*, with him *Francis S. Cantrell*, for appellant, cited: Haddington Methodist Episcopal Church v. Phila., 108 Pa. 466; Phila. v. McGarry, 11 W. N. C. 168; Philadelphia v. Scott, 93 Pa. 25.

*James Alcorn*, assistant city solicitor, with him *David Lavis* and *John L. Kinsey*, for appellee, cited: Seipel v. Wierman, 8 Phila. 26; Williams v. Brown, 18 W. N. C. 49.

OPINION BY WILLIAM W. PORTER, J., February 14, 1902:

The defendant, having a lien for a municipal claim of record against his property, on June 28, 1898, availed himself of the right to discharge the lien by payment of money into court under the Act of February 21, 1862, P. L. 44, which provides that, "Any person entitled to take defense to said claim may, at any time after the same is filed, pay into court the amount thereof with a sum sufficient to cover interest and costs, to abide the event of any proceedings thereon, and thereupon said claim shall cease to be a lien upon any land, and shall be stricken from the judgment index." On May 1, 1901, the defendant took a rule to show cause why the prothonotary should not pay back to the defendant the moneys paid into the court. This rule on June 7, 1901, was discharged. The ground upon which the order was asked was that the plaintiff had failed to issue a sci. fa. on the lien within five years from its filing. When the money was paid into court, the claim, in the language of the act, "ceased to be a lien." Proceedings necessary to the preservation or continuance of the lien were therefore impossible. The action was no longer in rem. To hold otherwise would be to deprive the defendant of the very right

which the act specifically confers and which he desired to exercise. By the payment into court, the defendant released his land from lien and placed his money in custodia legis. It remained only to determine whether the claim of the city could be sustained. If sustained, the plaintiff became entitled to the money which was held pending the settlement of the controversy. If the claim were determined against the plaintiff, the defendant acquired the right to withdraw the money. It was in the power of either of the parties to speed the cause by moving the court for an issue. Either party might become the actor. As against a fund held in custody under these conditions, neither statutes of limitations, nor delay in procedure, could affect the rights of the parties in the fund held, under the act, to abide the event of proceedings. The right to the fund in court has never been determined. Therefore, the order of the court, refusing to permit the defendant to withdraw the fund, was right.

In view of what has been said, we might dismiss the appeal as from an interlocutory order, but as the result to the parties will be the same, the order of the court below is affirmed.