## Philadelphia to use *v*. Cooper, Appellant.

*Municipal claims—Continuance of lien—Alias writ of scire facias—Service—Registered owner—City of Philadelphia—Acts of March 29, 1867, P. L. 600, June 10, 1881, P. L. 91, May 16, 1891, P. L. 69, and July 26, 1897, P. L. 420.*

A scire facias sur municipal lien fatally defective in its service and a nullity for the purpose of obtaining judgment thereon has not sufficient potentiality to continue the lien beyond the time of its expiration so as to give validity to a judgment attempted to be secured on an alias scire facias sued out after the lien of the original claim had expired by efflux of time.

Where a scire facias sur municipal lien is issued in Philadelphia within five years from the time when the claim was filed, and is returned nihil habet without the filing of an affidavit averring that the registered owner is a nonresident or cannot be found, and an alias scire facias is issued more than five years after the claim was filed but within five years from the exit of the first writ, the alias writ is invalid and should be stricken from the record.

Fell and Potter, JJ. dissent.

Argued March 22, 1905.   Appeal, No. 38, Jan. T., 1905, by defendant, from judgment of Superior Court, Oct. T., 1904, No. 76, reversing order of C. P. No. 4, Phila. Co., June T., 1895, No. 131, M. L. D., making absolute a rule to quash the alias scire facias.sur municipal lien in case of City of Philadelphia to use of The Vulcanite Paving Company, contractor, v. Sarah A. Cooper, owner, etc., William H. Haines, actual and registered owner, and Frank Mauran, present registered and real owner.   Before Fell, Brown, Mestrezat, Potter and Elkin, JJ.   Reversed.

Scire facias sur municipal lien.   See Philadelphia v. Cooper, 27 Pa. Superior Ct. 552.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the judgment of the Superior Court.

*Sharswood Brinton,* for appellant.—Where the scire facias is returned "nihil habet" and there is not of record an affidavit that the registered owner is a nonresident or cannot be found the service of the writ is fatally defective, no valid judgment can be obtained thereon, and if in fact judgment is entered it is not simply voidable, but absolutely void: Simons v. Kern, 92 Pa. 455; Ferguson v. Quinn, 123 Pa. 337; Trust Co. v. Fricke, 152 Pa. 231; City of Phila. v. Merz, 16 Pa. Superior Ct. 332; Philadelphia v. Ward, 16 W. N. C. 76; Phila. v. Scott, 93 Pa. 25.

If the service of the writ be fatally defective the writ is a nullity and must be regarded precisely as if it had never been issued: Phila. v. Merz, 16 Pa. Superior Ct. 332; Phila. v. Ward, 16 W. N. C. 76; Simons v. Kern, 92 Pa. 455; Ferguson v. Quinn, 123 Pa. 337; Trust Co. v. Fricke, 152 Pa. 231.

*John K. Andre,* with him *Henry F. Walton,* for appellee.— The lien was saved by scire facias issued in the manner provided by law in case of a judgment: Haddington M. E. Church v. Philadelphia, 108 Pa. 466; Silverthorn v. Townsend, 37 Pa. 263; Lichty v. Hochstetler, 91 Pa. 444; Kirby v. Cash, 93 Pa. 505.

The lien was preserved by the saving Act of July 26, 1897, P. L. 420.

OPINION BY MR. JUSTICE ELKIN, May 24, 1905:

Stripped of refinements, that do not convince, and of distinctions that do not distinguish, the exact question before us is, whether a scire facias sur municipal lien, fatally defective in its service and a nullity for the purpose of obtaining judgment thereon, has sufficient potentiality to continue the lien beyond the time of its expiration so as to give validity to a judgment attempted to be secured on an alias scire facias sued out after the lien of the original claim had expired by efflux of time. If it has, this judgment must be affirmed. If it has not, it must be reversed.

The claim was filed August 19, 1895. A scire facias was issued thereon July 18, 1900, and was returned nihil habet the first Monday of August, 1900. An alias scire facias was sued out October 1, 1903, more than five years after the filing of the

claim. Frank Mauran, the present registered and real owner, became the purchaser of the property after the expiration of five years from the filing of the original claim, and was suggested of record as such on the first day of October, 1903. The contention of the appellant is that the return of nihil habet to the original scire facias did not comply with the express provisions of the statutes relating to the service of the writ, was therefore a nullity, the effect of which left the claim in the position as if no scire facias had been issued thereon, and as a result the lien expired in five years from the date of its entry. It is further contended that the alias scire facias having been sued out after the expiration of the lien, cannot revive and continue it.·

Municipal claims are creatures of our statutes. These acts being in derogation of the common law, as well as of private rights, must be strictly construed. The learned judge who delivered the opinion of the Superior Court correctly stated the rule as follows: "The lien of the mechanic or municipal claim being by statute, its validity, duration and extent are wholly dependent upon compliance with the statutory provisions." We entirely concur in this view of the law, but must insist that the application of the rule is fatal to the claim of the appellee. A scire facias must be issued on a municipal claim within five years of the filing of the same or the lien is lost: Act of May 4, 1889, P. L. 79. If there is personal service on the registered owner, it must be in the same manner as a summons, as provided in the Act of March 29, 1867, P. L. 600. If personal service on the registered owner is not made, then an affidavit must be filed suggesting that the registered owner is a nonresident or cannot be found, to be followed by posting and publication, as provided by the Act of June 10, 1881, P. L. 91.

In the present case the writ of scire facias was not personally served on the registered owner, and no affidavit was filed showing that he was a nonresident or could not be found, and service was not made by posting and publication as required by the act of 1881. The return of nihil habet is not in compliance with the acts of assembly regulating the service of the writ in this case. It is therefore fatally defective and must be treated as a nullity. The conclusion

reached by the Superior Court overlooks the act of 1881, and since these statutory provisions were not complied with, under the rule announced the validity of the claim cannot be sustained. This court has held in several cases that where the writ was defectively served, as in the case at bar, no valid judgment could be obtained thereon, and if in fact a judgment be entered it is not only voidable but void: Simons v. Kern, 92 Pa. 455; Ferguson v. Quinn, 123 Pa. 337; Safe Deposit & Trust Co. v. Fricke, 152 Pa. 231. If a writ fatally defective in its service is a nullity, and no valid judgment can be entered thereon, it is futile to argue that it has sufficient potentiality to continue the lien beyond the statutory period so as to support an alias writ issued after its expiration, and thus give vitality to a lost lien. This position is not sound, nor is it in harmony with our cases. If the service of the original scire facias was so fatally defective as not to support a judgment, and therefore a nullity for this purpose, it must be treated as a nullity for all purposes. The learned judge who delivered the opinion of the Superior Court holds that the provisions of the act relating to filing an affidavit and posting and publishing notice, are but a substitute for personal service. This may be true, but it is a substitute imperatively required by the act and not provided in this case. The case at bar is not different in principle from Philadelphia v. Merz, 16 Pa. Superior Ct. 332, wherein the rule applicable to the service of writs of scire facias on municipal claims is correctly stated. It was held in City of Philadelphia v. Ward, 16 W. N. C. 76, that a scire facias on a municipal claim with a fatally defective service was ineffectual to continue the lien of the claim, and amounts to a nullity. We have said in City of Philadelphia v. Scott, 93 Pa. 25, that an alias writ issued more than five years after the filing of the claim, though less than five years from the exit of the original writ, will not preserve the lien of the claim in cases where the first writ is a nullity as the result of an ineffectual or defective service.

The facts of the present case do not distinguish it in principle from the rule of the cases just cited. In construing the somewhat similar Act of February 24, 1871, P. L. 126, relating to the registry of lots in the city of Pittsburg, Mr. Justice

PAXSON said : "The plain object of this act was to prevent the real estate of those citizens who had complied therewith in the matter of registry, from being swept from them by a judicial sale upon a municipal claim without notice to them and without their knowledge.   If the act is no protection to a registered owner it has failed of its purpose, and might as well not have been passed by the legislature : " Ferguson v. Quinn, 123 Pa. 337.

The provisions of the act of 1881, relating to service upon or notice to the registered owner are wise and salutary, and being requirements of the statute they must be strictly observed.   The contention of the learned counsel for appellee that the service of the original scire facias is effectual under the Act of March 29, 1867, P. L. 600, or by the Act of May 16, 1891, P. L. 69, or other similar acts, cannot be sustained, for the reason that the provisions of these acts relating to the service of writs of scire facias generally on such claims cannot be held to apply to the present case, in which, personal service not having been made, under the express provisions of the act of 1881, service by posting and publication after affidavit filed is required.

Judgment of the Superior Court reversed, and the order of the court of common pleas No. 4 of Philadelphia county, making absolute a rule to quash the alias scire facias and strike off lien, is affirmed.

FELL and POTTER, JJ., dissent.