# Philadelphia, Appellant, *v.* Merz.

*Municipal lien—Payment into court—Discharge of lien—Nullity of scire facias.*

The defendant in a municipal lien who avails himself of the right to discharge the lien by payment of money into court under the Act of February 21, 1862, P. L. 44, cancels the lien so far as the real estate is concerned, and places his money as a substitute for the lien in custodia legis, after which the only question is, who is entitled to the money? In such a case the defendant may raise as a defense any question as to the failure of the plaintiff to obtain judgment or issue a scire facias within five years.

If the service of an original scire facias is so fatally defective as not to support a judgment and therefore a nullity for that purpose, it must be treated as a nullity for all purposes.

Argued Dec. 9, 1904. Appeal, No. 98, Oct. T., 1904, by defendants, from judgment of C. P. No. 3, Phila. Co., March Term, 1893, No. 115, M. L. D., on verdict for defendant in case of City of Philadelphia to use of John M. Mack v. John H. Merz and Ferree Brinton and May Brinton. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Scire facias sur municipal lien. Before McMICHAEL, J.
The facts are stated in the opinion of the Superior Court.
Verdict and judgment for defendants. Plaintiff 'appealed.

*Error assigned* was in directing verdict for defendants.

*E. O. Michener,* for appellant.—In reviving a judgment the proceeding is good if a writ of scire facias is issued within five years and, no matter what the return .may be, an alias scire facias is issued upon which judgment may be entered within five years from the time of the issuing of the original scire facias: Pennock v. Hart, 8 S. & R. 369 ; Davidson v. Thornton, 7 Pa. 128 ; Silverthorn v. Townsend, 37 Pa. 263 ; Meinweiser v. Hains, 110 Pa. 468 ; Salmon v. Bachman, 8 Pa. C. C. Rep. 144 ; Reynold's App., 5 W. N. C. 184 ; Philadelphia v. Hey, 20 Pa. Superior Ct. 480.

*Theodore A. Tack,* for appellees.—The learned trial judge

properly admitted defendants' offer of proof and affirmed the request for binding instructions for defendants: Phila. v. Merz, 16 Pa. Superior Ct. 332; Phila. v. Scott, 93 Pa. 25; Phila. to use v. Ward, 16 W. N. C. 76; Haddington Church v. Phila., 108 Pa. 466; Phila. v. Hanbest, 15 W. N. C. 349.

OPINION BY ORLADY, J., July 13, 1905:

We held in Philadelphia v. Wellens, 19 Pa. Superior Ct. 379, that the defendant in a municipal lien who availed himself of the right to discharge the lien by payment of money into court, under the act of February 21, 1862, P. L. 44, canceled the lien so far as the real estate was concerned and placed his money as a substitute for the lien in custodia legis, after which the only question was, who is entitled to the money? The question involved in the present case. is practically, " Is the claim one, that at the time the money was paid into court, could be sustained by the plaintiff therein ? " The record discloses that on May 2, 1893, the plaintiff filed a municipal claim on which a scire facias was issued on March 3, 1898, and return was made by the sheriff by his making known by posting, advertising and nihil habet, as to John H. Merz, owner and reputed owner. On February 2, 1900, a rule was granted to permit May Brinton and Ferree Brinton to defend, to strike off the return to the sci. fa., to quash the writ, and on February 27 the rule was enlarged to permit them to pay $500 into court and have the lien striken off, the deposit money to stand in lieu of the lien and to abide the issue, which rule was made absolute. Other proceedings were had in regard to the lien which are not material in the question now to be decided. Vide Philadelphia v. Merz, 16 Pa. Superior Ct. 332.

The case now before the court was a feigned issue to adjudicate the right to the money paid into court. On the trial thereof the court below directed a verdict for the defendant. The first proposition in the question involved, namely, can a defendant in a municipal claim, who has paid money into court, and had the property released, raise as a defense any question as to the failure of the plaintiff to obtain judgment or issue a scire facias within five years is fully answered by Philadelphia v. Wellens, 19 Pa. Superior Ct. 379.

As the record stood, no judgment could have been entered

on the return of the sheriff to the sci. fa. The return must be treated as a nullity, the lien being filed on May 2, 1893, and no valid proceedings had thereon until May 8, 1900, seven years thereafter. It follows that the lien of the claim was lost and no recovery could be had by the plaintiff. Whatever of conflict there may have been among the decisions in relation to the practice in such cases, it has been recently settled in Phila. v. Cooper, 212 Pa. 306, decided by the Supreme Court on May 24, 1905, that if the service of the original scire facias was so fatally defective as not to support a judgment and therefore a nullity for this purpose, it must be treated as a nullity for all purposes.

Under the authority of which case the judgment in this one is affirmed.