# City of Scranton *v.* George C. Genet, et al., Appellant.

*Municipal claims—Loss of claim—Scire facias—Statutory period— Act of June 4, 1901, P. L. 364.*

1. The Act of June 4, 1901, P. L. 364, which act provides a complete and exclusive system regulating the creation of liens for municipal improvements and prescribes the method for their enforcement, does not contemplate indefinite prolongation of the lien of a claim filed through successive revivals by writs of scire facias. No provisions for the revival of the lien of the claim can be found in the act.

2. The first scire facias provided for in sec. 10 of the act is process by which the claim may be reduced to judgment; which judgment must be revived by writ of scire facias. "to revive the judgment." Under this provision, if the claim be not filed within the time prescribed, or if it be not prosecuted by scire facias within five years of the time of filing, it will be wholly lost.

3. Where in an action on a municipal lien, a scire facias issued within the statutory period proved abortive, not having been served according to law, and the period closed with the return of the writ, the lien not only was at an end, but in the language of the act the claim was "wholly lost" beyond possible recovery; and the fact that the defendant caused a general appearance to be entered to an alias scire facias issued after the expiration of the period could not supply the existence of a legal claim on which such a scire facias could properly issue, without which any action of the court would be a mere nullity.

Argued Feb. 20, 1911. Appeal, No. 180, Jan. T., 1910, by intervening defendant, from judgment of C. P. Lacka-

wanna Co., No. 468, March T., 1907, affirming report of referee in case of City of Scranton to use v. George C. Genet and Augusta G. Genet, intervening defendant. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCH-ZISKER, JJ.  Reversed.

Exceptions to report of referee, S. B. Price, Esq.
The opinion of the Supreme Court states the case.

*Error assigned* was among other overruling exceptions to report of referee and in directing judgment to be entered for the plaintiff.

*Everett Warren,* of *Warren, Knapp & O'Malley,* with him *F. K. Tracy,* for appellant.—The first writ of scire facias was a nullity for all purposes and must be treated as though it had never been issued; that the municipal lien therefore expired by efflux of time before the alias scire facias was issued; that that alias scire facias was also a nullity; that the voluntary appearance of the defendant had no greater effect than a valid service of the alias scire facias could have had; that the municipal lien was a lien in rem and once lost was lost forever and that no judgment could be entered thereon: Wistar v. Philadelphia, 86 Pa. 215; Ferguson v. Quinn, 123 Pa. 337; Simons v. Kern, 92 Pa. 455; Philadelphia v. Cooper, 212 Pa. 306; Scranton v. Stokes (No. 2), 28 Pa. Superior Ct. 437; Philadelphia v. Ward, 16 W. N. C. 76.

*David J. Davis,* city solicitor, for appellee.—Defendant waived any defect in the scire facias: Scranton v. Stokes, 28 Pa. Superior Ct. 434; Scranton v. Koehler, 36 Pa. Superior Ct. 95; Lycoming Fire Ins. Co. v. Storrs, 97 Pa. 354; Skidmore v. Bradford, 4 Pa. 296; Beltzhoover Boro. v. Beltzhoover's Heirs, 173 Pa. 213.

OPINION BY MR. JUSTICE STEWART, July 6, 1911:
For a determination of this case we need not look beyond the Act of June 4, 1901, P. L. 364. That act within itself provides a complete system regulating the creation

of the liens for municipal improvements, and prescribes the method of their enforcement. It repeals all former acts, whether general or special, which were inconsistent with it. It would not be profitable to consider these various acts or the decisions of the court with respect to them, since the acts were not parts of a general system but each had its own peculiar features, and no one that we have examined was exactly like the act of 1901 with respect to that feature upon which we rest our conclusion. A careful study of the later act is convincing that it does not contemplate indefinite prolongation of the lien of a claim filed through successive revivals by writs of scire facias; and that the scire facias provided for in the act is not for purpose of revival of the lien filed, but for enforcement of the claim, with extension of lien as an incident to a delayed scire facias. Section 10 of the act reads as follows: "Upon each tax or municipal claim a writ of scire facias, in the form hereinafter set forth, must issue within five years from its filing, and verdict must be recovered or judgment entered on the scire facias within five years after it is issued. Final judgment must be entered on the verdict within five years after its recovery. After judgment is entered, it must be revived by writ of scire facias to revive the judgment; or by judgment thereon within each recurring period of five years. If a claim be not filed within the time aforesaid, or if it be not prosecuted in the manner and at the times aforesaid it shall be wholly lost." The above extract from the statute contains everything therein relevant to the question in hand. We have here a provision that if the claim be not filed within the time prescribed, or if it be not prosecuted in the manner aforesaid (by scire facias), and at the times aforesaid, (within five years from filing), it shall be wholly lost. The distinction in the office of the first scire facias provided for in the act and any which may be subsequently resorted to, is apparent; the first is process by which the claim may be reduced to a judgment, and all controversy with regard to it ended; with judgment once obtained the lien there-

after attaches to it and not to the claim.  No provision
for revival of the lien of the claim can be found in the
act; but after judgment is entered the judgment must be
revived by writ of scire facias "to revive the judgment."
The marked difference between this procedure and that
provided for in the earlier mechanic's lien law, now re-
pealed, is significant.  We call attention to it since in
both the proceeding is in rem.  The general mechanic's
lien law of June 16, 1836, P. L. 695, provided in sec. 10,
after declaring the lien of the debt for which the claim
was filed should expire at the end of five years from the
day of filing the lien: "Unless the same shall be revived
by scire facias, in the manner provided by law in case of
judgments; in which case, such lien shall continue in like
manner for another period of five years, and so from one
such period to another, unless such lien be satisfied, or
the same be extinguished by a sheriff's sale or otherwise
according to law."  Here was express provision that the
lien could be revived by writs of scire facias so often as
was necessary in the same manner as a judgment.  The
writ there was not simply for the enforcement of the lien,
but for its preservation.  That the difference between the
provision in that act and the provision in the general
municipal lien act was not due to accidental omission from
the latter, but was fully intended, becomes apparent
upon examination of the general mechanic's lien act of
June 4, 1901, which superseded and repealed the act of
June 16, 1836.  The later act, passed the same day as the
general municipal claim act, changed the procedure in
cases of mechanics' liens, and brings it into exact accord-
ance with the procedure provided for in the municipal
lien act.  This later mechanic's lien act in sec. 10, after
providing that a writ of scire facias must issue within a
certain period, proceeds: "and a verdict must be recorded
or judgment entered on the scire facias within five years
after it is issued.  Final judgment must be entered on the
verdict within five years after its recovery.  After judg-
ment is entered, it must be revived by a writ of scire facias

to revive the judgment, or any judgment thereon, within each recurring period of five years. If a claim be not filed within the time aforesaid, or if it be not prosecuted in the manner and at the times aforesaid, it shall be wholly lost." We derive from this a manifest purpose to restrict the debatable period with respect to the claim. The provision that the claim shall be wholly lost if it be not prosecuted in the manner and at the times aforesaid, that is to say, by writ of scire facias issued within five years to bring it to judgment, indicates clearly that the right to revive pertains not to the lien but the judgment obtained thereon. The proceeding is purely statutory, and we can introduce nothing into the remedy which is not expressly provided by the statute. Not only is there lacking here any express authority for a scire facias to revive the lien of the claim, but we think it clear that none was intended.

In the present case a scire facias was issued within the statutory period. But not having been served according to the requirements of the law it proved abortive. Unfortunately for the claimant it issued so closely to the expiration of the five year limit, that with the return of the writ the period had closed. Had it issued a term earlier this fatal effect could have been avoided by the abandonment of that particular writ, and the issuing of another within the period. Admittedly the writ returned was so defective that a judgment thereon could not be supported. The case stood therefore as though no writ had issued within the statutory period: Phila. v. Cooper, 212 Pa. 306. An alias writ of scire facias was sued out after the expiration of the limit, and it is upon this writ that the present contention hangs. The appellee, alleging that she was the sole owner of the premises against which the claim was filed, and that her husband, who was named in the claim and writ as owner, was without interest in the premises, filed her petition asking that she be allowed to intervene. This being allowed, a general appearance for her followed. When the alias writ issued not only was the lien at an end, but in the language of the act the claim

was "wholly lost" beyond possible recovery. The claim was never enforcible except by a scire facias, and the right to this remedy was gone. If the first scire facias, because of defective service, was a nullity, for the reason that it was not sufficient to support a judgment, the second or alias scire facias must fall under like condemnation. Nothing remained of the claim on which any such writ could issue. The purpose of the scire facias was to warn the owner and bring her into court to make known her defense if any she had; not to answer to a personal demand against herself, but to show, if she could, why her property should not be under judicial subjection to a municipal claim. Her appearance certainly cured all mere defects in matters of form and irregularities in service if there were any; but it did not and could not supply the one fact, the existence of which was absolutely necessary to the validity of the proceeding, and without which the action of the court would be a mere nullity, namely, the existence of a legal claim upon which a scire facias could properly issue. The right of the court to hear and determine questions arising in connection with the filing and enforcing of claims for municipal improvements, is purely statutory. The right of the municipality to enforce the collection of any such claim is also statutory. When the record fails to disclose the existence of such a claim, or what is equally decisive, when facts are brought to the attention of the court which establish that no such claim exists, there is a lack of power in the court to hear the case even though the defendant consent; and it follows that a judgment rendered in such case is void for want of jurisdiction. With this question disposed of in favor of appellant, the other questions raised on the appeal do not call for consideration. The refusal of the defendant's request for affirmance of the following point: "Under the evidence in this case there can be no recovery," is the subject of the first assignment of error. This point should have been affirmed. This assignment of error is sustained, and judgment is reversed.