## McKees Rocks Borough v. Young et al.

*Municipal claims—Failure to secure judgment within five years—Petition to strike off claim—Act of June 4, 1901.*

Under section 10 of the Municipal Claim Law of June 4, 1901, P. L. 364, which provides, *inter alia*, that if a claim be not prosecuted within the time prescribed by the act "it shall be, wholly lost," a judgment on the *sci. fa.*, obtained after the expiration of the five years, is insufficient to sustain the claim and both the claim and the judgment will be stricken off on the petition of the property owner.

Rule to strike off lien. C. P. Allegheny Co., Jan. T., 1914, No. 2359; July T., 1920, No. 2221; July T., 1916, No. 516; and July T., 1920, No. 2222.

Before Shafer, P. J., and Drew, J.

*A. H. Mercer,* for petitioner; *E. A. Sefler,* for defendants.

SHAFER, P. J., Dec. 30, 1924.—In each of these cases a rule has been granted on the plaintiff to show cause why the lien and all proceedings thereon should not be stricken from the record. At No. 2359, January Term, 1914, a tax lien was entered against the petitioner Dec. 29, 1909, for the taxes of 1906. A *sci. fa.* was issued Dec. 29, 1913, and served, upon the petitioner, who did not appear and make defence. Judgment was entered thereon in default of an appearance on July 9, 1920, more than six years after the issue of the *sci. fa.* At No. 2221, July Term, 1920, a like lien was filed Feb. 10, 1910, for the taxes of 1908. A *sci. fa.* was not issued thereon until June 28, 1920, more than nine years after filing the lien. At No. 516, July Term, 1916, a lien was filed Feb. 10, 1911, for the taxes for 1909, and a *sci. fa.* was not issued until April 20, 1916, being more than five years after the issue of it, and judgment was taken thereon in default March 23, 1922, being more than five years after the issue of the *sci. fa.*, and at No. 2222, July Term, 1920, a tax lien was filed Feb. 10, 1911, a *sci. fa.* not being issued until June 28, 1920, and judgment taken thereon in default in March, 1922.

The Act of June 4, 1901, P. L. 364, provides that a *scire facias* must issue on a tax lien within five years after its filing, and judgment must be entered on the *sci. fa.* within five years after it is issued, and it is provided that if the claim be not filed within the time provided, "or if it be not prosecuted in the manner and at the time aforesaid, it shall be wholly lost."

There would be no question whatever as to the status of these liens if it were not for the fact that a *scire facias* was issued and served and no defence

made. We understand the words of the act directing that, if the lien be not prosecuted properly it shall be "wholly lost," to mean that the lien is thereafter void, and this is substantially stated to be the meaning of the act in the case of the City of Scranton v. Genet, 232 Pa. 272, where it is stated that when facts are brought to the attention of the court which establish that no claim exists, the court has no power to hear the case, even though the defendant consent. In each of the above stated cases, according to the words of the act, the lien has been wholly lost, and judgment thereon ought not to be allowed to stand as apparent liens against the petitioner's property. The rules to strike off the lien and judgment entered thereon in each of these cases is, therefore, made absolute; this order to be entered in each case.

From Edwin L. Mattern, Pittsburgh, Pa.