## Terre Hill Borough v. Young et al.

*William C. Rehm*, for rule; *H. Frank Eshleman*, contra.

GROFF, J., Jan. 18, 1930.—This is a motion for a judgment *non obstante veredicto*. The court on the trial of the case gave binding instruction to the jury, directing them to find a verdict in favor of the plaintiff for $152.87, with interest from Jan. 1, 1928. At the same time, the court submitted the following question to the jury for their determination: "whether, under all the evidence, you can say that Alberta Young, or her sister, Stella Diffenbach, received notice of the intention of the Borough of Terre Hill to lay a curb and gutter in front of this property." This question was answered "no." The court feels this answer was justified from the evidence in the case. The defendant submitted a point for binding instructions, the answer to which was reserved by the court, and in consequence thereof, we have before us this motion.

The Act of May 16, 1923, P. L. 207, section 20, reads as follows:

"Tax claims and municipal claims shall be *prima facie* evidence of the facts averred therein in all cases; and the averments in both tax and municipal claims shall be conclusive evidence of the facts averred therein, except in the

particulars in which those averments shall be specifically denied by the affidavit of defense, or amendment thereof duly allowed. . . ."

And the above act of assembly provides in section 7 that:

"No claim shall be filed for curbing . . . of any highway unless the owner shall have neglected to do said work for such length of time as may be described by ordinance, after notice so to do, served upon him or his known agent or occupant of the property . . . and if there be no agent or occupant known by claimant, it may be posted on the most public part of the property."

Section 10 of the act, cited *supra*, reads:

"Said claim shall set forth: . . . .

"7. In other than tax claims, the kind and character of the work done for which the claim is filed, and, if the work be such as to require previous notice to the owner to do it, when and how such notice was given.".

It is conceded that the lots here liened are vacant lots. The jury has determined that no personal notice was given to the owner. That finding, in our opinion, was correct. The lien does not set out such notice. There is no averment in the lien, and no oral proof offered, that any notice was served upon the agent of the owners, nor that notice was posted on the most public part of the property. The claimant, having omitted these averments in its lien, and having offered no proof thereof, it would, in our opinion, fall short of the requirements of the acts of assembly.

In the case of Borough of McKees Rocks v. Hogan Heirs, 60 Pitts. L. J. 648, it was decided that:

"A municipal lien, filed by a borough against a property owner for grading, paving and curbing of a sidewalk, will be stricken off on motion when it fails to show notice to the owner requiring him to do the work as provided by the eleventh section of the Act of June 4, 1911."

We notice that the plaintiff borough says in its claim that it is filed under the Act of June 4, 1909, and by virtue of any and all other acts of assembly relative thereto. This claim should have been filed, and probably was intended to be filed, under the Act of May 16, 1923, P. L. 207. That act prescribes fully the method in which the lien is to be filed, the form of the lien and the notice to be given before the lien is filed. We have stated above that the lien as filed does not show that the act has been complied with.

In the case of City of Scranton v. Genet et al., 232 Pa. 272, the Supreme Court said:

"The right of the court to hear and determine questions arising in connection with the filing and enforcing of claims for municipal improvements is purely statutory. The right of the municipality to enforce the collection of any such claim is also statutory."

We conclude that, the remedy being statutory, the requirements of the statute must be fully complied with and the record must show a good and sufficient lien on its face. This lien does not comply with the requirements of the above act of assembly, and there has been no effort to provide proof to supply the deficiencies pointed out in the affidavit of defense.

The claimant here says that any defect in his lien was cured by the validating Act of April 10, 1929, P. L. 481. We find this provision in the act referred to:

"That the provisions of this act shall not apply in any instance where the validity of such procedure by boroughs for the grading, draining, paving, curbing and guttering of streets, alleys and public alleys has been made the subject of litigation in any court of the Commonwealth prior to the approval of this act."

The work on which this lien is based was authorized, or started, in 1926, and finished on Sept., 6, 1927. The lien was filed on Dec. 12, 1927. A *scire facias* thereon was issued July 3, 1928, and an affidavit of defense was filed by the defendants on Sept. 8, 1928, in which defendants deny the first, second, third, fourth, fifth and sixth paragraphs of the claim, and then aver in paragraph seven of the affidavit of defense:

"That said municipal lien was filed against Sallie Knight. That the said Sallie Knight was not the owner of the real estate; that they, the said Alberta V. Young and Estella Diffenbach, have owned said real estate since September 22, 1911; that they have paid taxes to the said borough yearly since that date; that said ordinance authorizing the filing of said lien is defective; that the lien against the real estate was not filed in due time, and that no notice of the filing of said lien was given to the owners in accordance with the act of assembly."

The validating act, as referred to above, was not passed until April 10, 1929. The claimant contends in its brief that the issuing of *scire facias* and the filing of an affidavit of defense thereto is not litigation as contemplated by the act. With this view, however, we cannot agree. The claimant's right to recover is statutory, and before it can recover, the provisions of the statute must be complied with. This, we feel, has not been done. Under all the evidence and the law, it is our opinion that binding instructions should have been given for the defendants on the trial of the case, and we, therefore, now enter judgment notwithstanding the verdict in favor of the defendants.

Judgment directed to be entered for the defendants *n. o. v.*

From George Ross Eshleman, Lancaster, Pa.