## Borough of Tarentum v. First Baptist Church

*Hazlett, Gannon & Walter*, for plaintiff.
*Abraham Fishkin*, for defendant.

ROWAND, P. J., June 30, 1943.—This matter is before the court on a motion of the First Baptist Church of Tarentum to strike off a municipal lien, filed against its property situated in the Borough of Tarentum.

It appears that at no. 2679, April term, 1931, plaintiff filed its claim for work done and completed on August 28, 1930. On March 31, 1936, a præcipe for

scire facias sur municipal claim was filed at no. 2750, April term, 1936. The sheriff's return on this writ was marked "nihil habet". On February 20, 1941, an alias writ of scire facias was filed; this was served on the president of the board of trustees of the First Baptist Church, and on December 5, 1941, a judgment was entered in the sum of $349.81. On December 16, 1941, a petition was filed praying that the lien be stricken from the record. On January 13, 1942, a præcipe for pluries writ of scire facias was filed. It is to be noted that the writ of scire facias, as filed March 31, 1936, was issued more than one month after the expiration of the date of the original lien. It is also noted that this writ was never served upon defendant.

However, an alias writ was filed on February 20, 1941; this writ was served and in accordance a judgment was entered some ten months thereafter in the sum of $349.81.

It is the contention of plaintiff that the curative Act of July 28, 1941, P. L. 542, permits it to continue this lien by filing its writ of scire facias. With this we cannot agree.

The curative provisions of this act provide where a municipality has failed to file a claim, or having filed a claim has failed to sue out a writ of scire facias within five years, or, a writ of scire facias having been issued, no judgment has been entered within five years, or having entered judgment, has not revived the same within five years, it may within six months of the effective date of the act do what is necessary to protect its lien.

The act specifically states in section 1: ·

". . . in case judgment has been entered on a tax or municipal claim, either file a suggestion of nonpayment and an averment of default or issue its præcipe for a writ of scire facias on any such judgment and proceed to judgment in the manner provided by law to obtain judgments of revival, and such claim or judgment so

entered or revived shall be a valid claim or judgment and be a lien upon the real estate upon which it was assessed . . ."

In the instant case a judgment has been had; there is no attempt to revive the judgment; it is ignored in the pluries writ of scire facias. While the judgment may be a nullity, it is still a judgment on the record and remains so until vacated or stricken off, and we hold it remains a bar to any further action on the municipal claim.

In 34 C. J. 768, §1184, it is said:

"So long as a judgment remains unappealed from and in full force, it does not detract from its effect as a bar to further suits upon the same cause of action that it may be erroneous, so as to be reversible on appeal or error, or so irregular that it would be vacated on a proper application for that purpose."

This judgment was obtained, and the lien thereafter attached to it and not to the claim. After judgment is entered the judgment must be revived by writ of scire facias "to revive the judgment".

"The right of the court to hear and determine questions arising in connection with the filing and enforcing of claims for municipal improvements, is purely statutory": City of Scranton v. Genet et al., 232 Pa. 272, 277.

We can find nothing in the Act of July 28, 1941, which gives this court jurisdiction to continue a lien where a municipal claim has been prosecuted to an erroneous judgment. It has been many times said:

"The proceeding is purely statutory, and we can introduce nothing into the remedy which is not expressly provided by the statute."

We do not pass upon the question as to the right of the Peoples-Pittsburgh Trust Company to join in the petition to strike but, after careful consideration, we are of the opinion that the motion to strike off the lien should be granted.

*Order*

Now, June 30, 1943, the rule to show cause why the lien in the above-entitled case should not be stricken from the record is hereby made absolute.